1 | KEVIN J. SENN (SBN 136226)
SUSAN D. CONDON (SBN 143417)
2 | ARMSTRONG TEASDALE LLP
Three Embarcadero Center, Suite 2310
3 | San Francisco, CA 94111-4039
Telephone: (415) 433-1500
4 | Facsimile: (415) 433-1508

5 | Attorneys for Defendant SHOP-VAC
CORPORATION

6

7

FILED

08 APR -8 PM 3: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

8

## UNITED STATES DISTRICT COURT

9

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | RICHARD A. SILBER, an individual and on behalf of all others similarly situated,

CASE NO.

12 |

13 | Plaintiff,

'08 CV 637 ___ JLS (RBB)

14 | vs.

**NOTICE OF REMOVAL**

15 | SHOP-VAC CORPORATION, a
Pennsylvania Corporation, and DOES 1
16 | through 100, inclusive

17 | Defendants.

18

19

20 |     Defendant Shop-Vac Corporation ("Shop-Vac") hereby removes the above-captioned action

21 | from the Superior Court of San Diego County, California, to this Court, pursuant to 28 U.S.C. §§

22 | 1332, 1441, 1446, and 1453. In support of this removal, Defendant Shop-Vac states as follows:

23 |     1.     On or about February 25, 2008, Plaintiff Richard A. Silber filed a putative class action

24 | Complaint ("Complaint") in the Superior Court of San Diego County, California, Case No. 37-2008-

25 | 00078687-CU-BT-CTL, naming Shop-Vac as a Defendant.

26 |     2.     The summons and Complaint were deemed served on Shop-Vac on March 9, 2008.

27 | Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

28 | ///

CR

NOTICE OF REMOVAL

3.     The Superior Court of San Diego County is located within the Southern District of

1    3.    The Superior Court of San Diego County is located within the Southern District of

2    California, which is also located in San Diego, California. Thus, venue for the removal is proper

3    because this is the "district and division embracing the place where such action is pending." 28

4    U.S.C. § 1441(a).

5    4.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon

6    Defendant is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of

7    Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the

8    Superior Court of San Diego County.

9    5.    This case is subject to removal pursuant to the Class Action Fairness Act of 2005

10   ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

11   6.    Pursuant to 28 U.S.C. § 1332(d)(2)(A), district courts have original jurisdiction of any

12   civil action in which (1) the matter in controversy exceeds the sum or value of $5,000,000.00,

13   exclusive of interest and costs, and (2) is a class action in which any member of a class of plaintiffs is

14   a citizen of a State different from any defendant. The claims of the individual class members are

15   aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000,

16   exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

17   7.    Plaintiff alleges in the Complaint that "[t]his is a class action case brought on behalf of

18   all purchasers of wet/dry vacuum products manufactured, distributed, marketed, and/or sold by

19   SHOP-VAC CORPORATION [sic.] ("SHOP-VAC")." (Complaint at p.2:¶ 1.) Plaintiff further

20   alleges that he "brings this action on behalf of himself as an individual and on behalf of all other

21   persons similarly situated in the State of California who purchased Defendant's SHOP-VAC wet/dry

22   vacuum" and that the "members of the Class are so numerous that joinder of all members is

23   impracticable." (Complaint at pp.5-6: ¶ ¶ 20-21.)

24   8.    As alleged in the Complaint, Plaintiff Richard A. Silber is a resident of San Diego,

25   California, and the putative class members are also residents of California. (Complaint at p. 4, ¶ 20.)

26   Defendant Shop-Vac is a not a California corporation and its principal place of business is in

27   Pennsylvania. (Complaint at p. 2: ¶ 5.) Therefore, diversity of citizenship exists as required by 28

28   U.S.C. 1332 (d)(2)(A).

9.      Plaintiff's Complaint seeks money damages for alleged violations of section 17533.7
of the California Business & Professions Code, declaratory and injunctive relief for alleged violations
of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq., declaratory and injunctive
relief for alleged violations of section 17200 et seq. of the California Business and Professions Code,
and attorneys fees.  Plaintiff's attempt to arbitrarily limit the class damages to $4,999,000.00 by
stipulation in paragraph 24 of the Complaint is invalid and unenforceable. Shop-Vac denies any
liability in this case, maintains that Plaintiff's Complaint fails to state a cause of action as a matter of
law and intends to challenge the appropriateness of class certification upon removal.  However, based
upon the allegations in the Complaint, including the specific claims asserted by Plaintiff and the
categories of relief prayed for in the Complaint, Shop-Vac has a good-faith belief based upon
reasonable information and inquiry that the "amount in controversy" as that term is used for the
purposes of removal jurisdiction, would exceed the sum or value of $5,000,000 if the class is
certified.  Accordingly, this action satisfies the matter in controversy requirement of 28 U.S.C.
§ 1332(d)(2).

10.     Specifically, Plaintiff alleges at p. 7: ¶ 24 that the damages to each individual class
member "do not exceed $10.00." Shop-Vac estimates in good faith that it has sold in excess of
600,000 units into California during the relevant statutory period.  Simple math reveals that based on
Plaintiff's own allegations, the "amount in controversy" presented by the pleadings would exceed the
jurisdictional limit of this Court.

11.     In addition, plaintiffs claim injunctive relief.  The value of the injunctive relief is not
specified by plaintiff but clearly if plaintiff's allegations are to be believed, it represents a significant
monetary value and certainly greater than $1,001.  Adding the value of the injunctive relief to the
$4,999,000 already alleged by plaintiff exceeds the $5,000,000 minimum needed to satisfy CAFA.
As a result, Plaintiff has pled itself into federal jurisdiction.

12.     Plaintiff also requests attorneys' fees in the Complaint of an unspecified amount.  In
class actions taken through trial, attorneys' fee awards are substantial, and defendant would expect
the attorneys' fees sought in this case to be at least 25-33% of the actual damages sought.  Coupling
this level of award with the claim for actual damages and injunctive relief clearly makes the amount

1 | in controversy on this class more than $5,000,000 solely for the purposes of removal analysis on the
2 | face of the Complaint.
3 |      WHEREFORE, Defendant Shop-Vac Corporation removes this action from the Superior
4 | Court of San Diego County, California.
5 |
6 | DATED:  April 7, 2008                    **ARMSTRONG TEASDALE LLP**
7 |
8 |                                          By:_____
9 |                                             KEVIN J. SENN
10 |                                             Attorneys for Defendant
11 |                                             Shop-Vac Corporation

# EXHIBIT  A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* SHOP-VAC CORPORATION,

a Pennsylvania Corporation, and DOES 1 through 100, inclusive,

Received
2/28/2008
[signature]

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* RICHARD A. SILBER,

an individual and on behalf of all others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | 37-2008-00078687-CU-BT-CTL |

☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JOHN H. DONBOLI (SBN: 205218)                           858-793-6244
DEL MAR LAW GROUP, LLP
322 8th Street, Suite 105
Del Mar, CA 92014

DATE: **FEB 2 5 2008** 2008                    CLERK OF THE SUPERIOR COURT
*(Fecha)*                          Clerk, by _____ **K Brown** _____, Deputy
                                   *(Secretario)*                     *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010))
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
SDSC CIV-219(Rev. 1-04)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485

American LegalNet, Inc.
www.USCourtForms.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6064 |

PLAINTIFF(S) / PETITIONER(S):    Richard A. Silber

DEFENDANT(S) / RESPONDENT(S): Shop-Vac Corporation

SILBER VS. SHOP-VAC CORPORTATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00078687-CU-BT-CTL |
|---|---|

Judge: Luis R. Vargas                                Department: C-63

COMPLAINT/PETITION FILED: 02/25/2008

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                    NOTICE OF CASE ASSIGNMENT                    Page: 1

1  JOHN H. DONBOLI (SBN: 205218)
   JL SEAN SLATTERY (SBN: 210965)
2  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
3  Del Mar, CA 92014
   Telephone: (858) 793-6244
4  Facsimile: (858) 793-6005

5  Attorneys for Plaintiff: RICHARD A. SILBER, an individual and on behalf
6  of all others similarly situated

7

8              SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

9

10 RICHARD A. SILBER, an individual and on      CASE NO. 37-2008-00078687-CU-BT-CTL
   behalf of all others similarly situated,
11                                              CLASS ACTION
                   Plaintiff,
12                                              COMPLAINT FOR:
                   vs.
13                                              (1)   VIOLATION OF CONSUMERS
   SHOP-VAC CORPORATION, a Pennsylvania               LEGAL REMEDIES ACT (CIVIL
14 Corporation, and DOES 1 through 100,               CODE SECTION 1750 ET SEQ.);
   inclusive,                                         AND
15
                   Defendants.                  (2)   VIOLATION OF BUSINESS &
16                                                    PROFESSIONS CODE SECTIONS
                                                      17200 ET SEQ. (CALIFORNIA
17                                                    UNFAIR COMPETITION LAW)

18                                              (3)   VIOLATION OF BUSINESS &
                                                      PROFESSIONS CODE SECTION
19                                                    17533.7 (FALSE "MADE IN THE
                                                      USA" CLAIM).
20
                                                DEMAND FOR JURY TRIAL
21

22

23

24        COMES NOW, plaintiff RICHARD A. SILBER ("Plaintiff"), as an individual and on

25 behalf of the general public and all others similarly situated, by his undersigned attorneys,

26 alleges as follows:

27 ///

28

                                        -1-

## NATURE OF THE CASE

1.     This is a class action case brought on behalf of all purchasers of wet/dry vacuum products manufactured, distributed, marketed, and/or sold by SHOP-VAC CORPORTATION ("SHOP-VAC"). Through a fraudulent, unlawful, deceptive and unfair course of conduct, SHOP-VAC, and DOES 1 through 100 (collectively "Defendant"), manufactured, marketed, and/or sold a variety of wet/dry vacuum products to the California general pubic with the false designation and representation that SHOP-VAC's products were "MADE IN THE USA." The "MADE IN THE USA" claim is printed on the products' packaging and typically includes prominent pictures of the U.S.A flag. Despite true facts to the contrary, the SHOP-VAC wet/dry vacuums are substantially made, manufactured or produced from component parts that are manufactured outside of the United States in violation of California law.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter in that Defendants routinely transact business in San Diego County.

3.     Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5, Business & Professions Code §§ 17203, 17204, and Civil Code § 1780(c) because Defendant does business in San Diego County and Plaintiff's transactions took place within the County.

## PARTIES

4.     Plaintiff is an individual residing in San Diego, California.

5.     Defendant SHOP-VAC is a corporation that is organized and exists under the laws of the State of Pennsylvania. SHOP-VAC's principal place of business is located at 2323 Reach Road, Williamsport, PA 17701. SHOP-VAC may be served with process in this matter by serving its principle place of business at 2323 Reach Road, Williamsport, PA 17701.

6.     SHOP-VAC is a leading manufacturer and distributor of wet/dry vacuums in the United States. SHOP-VAC maintains the following website: www.shopvac.com.

7.     Plaintiff is ignorant of the true names and capacities of the defendants sued

-2-

CLASS ACTION COMPLAINT

1  herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious

2  names. Plaintiff is informed and believes that each of the fictitious named defendants are legally

3  responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs

4  complained herein by providing financial support, advice, resources or other assistance. Plaintiff

5  will amend the complaint to allege their true names and capacities when ascertained.

6      8.      Plaintiff is informed and believes that all defendants were agents, servants and

7  employees of their co-defendants, and in doing the things hereinafter mentioned, were acting

8  within the scope of their authority as such agents, servants and employees with the permission

9  and consent of their co-defendants.

10  ## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11      9.      Plaintiff incorporates herein each and every allegation contained in paragraphs 1

12  through 8, inclusive, as though fully set forth herein.

13      10.     Defendant manufactures and markets wet/dry vacuums that have printed on the

14  product packaging that the SHOP-VAC wet/dry vacuums are "MADE IN THE USA."

15      11.     Defendant also routinely places prominent images of the U.S.A. flag on the

16  packaging of the SHOP-VAC vacuums to falsely signify that they are "MADE IN THE USA."

17      12.     Despite true facts to the contrary, the SHOP-VAC wet/dry vacuums are

18  substantially made, manufactured or produced with component parts that are manufactured

19  outside of the United States. The foreign component parts that constitute the SHOP-VAC

20  wet/dry vacuum includes, but is not limited to the: (a) Motor; (b) Motor Components; (c)

21  Various Electrical Components; (d) Tank Base; (e) Hood; (f) Plastic Hose(s); (g) Vacuum

22  Accessories; (h) Screws and Fasteners; (i) Filter and/or (j) Dust Bag; which, on information and

23  belief are made in China and/or Mexico.

24      13.     Defendant markets, and continues to market, and represent to the general public

25  that the SHOP-VAC wet/dry vacuums are "MADE IN THE USA." In addition, Defendant

26  concealed the material facts at issue herein by failing to disclose to the general pubic the true

27  facts regarding the country of origin designation appearing on the SHOP-VAC vacuums'

28

CLASS ACTION COMPLAINT

1  packaging.  The disclosure of this information was necessary in order to make Defendant's

2  representation not misleading for want of disclosure of these omitted facts.  Defendant possesses

3  superior knowledge of the true facts which were not disclosed, thereby tolling the running of any

4  applicable statute of limitations.

5          14.     Consumers and users of these products are particularly vulnerable to these

6  deceptive and fraudulent practices.  Most consumers possess very limited knowledge of the

7  likelihood that products, including the component parts therein, claimed to be made in the United

8  States are in fact made in foreign countries.  This is a material factor in many individuals'

9  purchasing decisions, as they believe they are supporting American companies and American

10  jobs.

11         15.     Some consumers believe that "MADE IN THE USA" products are higher quality

12  than their foreign-manufactured counterparts.  Due to Defendant's scheme to defraud the market,

13  members of the general public were fraudulently induced to purchase Defendant's products at

14  premium prices.  During the relevant time period, SHOP-VAC charged excess monies for its

15  vacuum products, in comparison to its wet/dry vacuum competitors, based on the false "MADE

16  IN THE USA" designation that was intended to deceive the California consumer.  California

17  laws are designed to protect consumers from this type of false representation and predatory

18  conduct.  Defendant's scheme to defraud consumers is ongoing and will victimize consumers

19  each and every day until altered by judicial intervention.

20         16.     On information and belief, Defendant SHOP-VAC could potentially be

21  employing hundreds of additional American employees to manufacture its wet/dry vacuums if it

22  elected to produce all of the vacuum component parts, which SHOP-VAC currently procures

23  from outside the United States, in its Pennsylvania manufacturing facility.

24                        **THE PLAINTIFF TRANSACTIONS**

25         17.     On several occasions during the relevant statutory time period, Plaintiff

26  purchased at least two SHOP-VAC wet/dry vacuums in San Diego, California.  In each case, the

27  product itself was marked with "MADE IN THE USA."  In each case, the SHOP-VAC wet/dry

28

-4-

CLASS ACTION COMPLAINT

1  vacuum unlawfully contained component parts made outside of the United States and SHOP-
2  VAC was not entitled to lawfully make a "MADE IN THE USA" representation.

3      18.    On information and belief, in each case when Plaintiff and Class Members
4  purchased a SHOP-VAC wet/dry vacuum they relied upon Defendant's "MADE IN THE USA"
5  representation in their purchasing decision, which is typical of most California consumers.
6  Plaintiff and Class Members were deceived in this regard as a result of Defendant's actions.
7  Plaintiff's and Class Members' purchasing decisions were supported by the prominent U.S.A.
8  representations made by Defendant, which is absent from most of Defendant's wet/dry vacuum
9  competitors.  Plaintiff believed at the time he purchased the SHOP-VAC wet/dry vacuums that
10  he was in fact supporting U.S. jobs and the U.S. economy.

11      19.    Plaintiff suffered an "actual injury" each time he purchased Defendant's SHOP-
12  VAC wet/dry vacuum because Plaintiff's money was taken by Defendant as a result of
13  Defendant's false "MADE IN THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.
14  As such, Plaintiff and Class Members were injured as a result of Defendant's false "MADE IN
15  THE USA" representations that are at issue in this litigation.

16                          **CLASS ALLEGATIONS**

17      20.    Plaintiff brings this action on behalf of himself as an individual and on behalf of
18  all other persons similarly situated in the State of California who purchased Defendant's SHOP-
19  VAC wet/dry vacuum.  Specifically, excluded from the class is any persons who have a
20  controlling interest in SHOP-VAC, any of SHOP-VAC's parent companies, subsidiaries, and
21  SHOP-VAC's officers, directors, managers, shareholders and members of their immediate
22  families; and their heirs, successors and assigns (the "Class") pursuant to Code of Civil
23  Procedure § 382 and Business & Professions Code § 17200 *et seq.*  The class also does not
24  include any persons who previously filed suit against SHOP-VAC for similar violations of
25  California law.

26      21.    The members of the Class are so numerous that joinder of all members is
27  impracticable.  The disposition of their claims in a class action will provide substantial benefits
28

1  to the parties and the Court.  On information and belief, the exact number and identities of the

2  members of the Class are readily ascertainable from the records in Defendant's possession.

3      22.    There is a well-defined community of interest in the questions of law and fact

4  involved in this case.

5      23.    All causes of action herein have been brought and may properly be maintained as

6  a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is

7  a well-defined community of interest in the litigation and the proposed class is easily

8  ascertainable:

9      a.    Numerosity:  On information and belief, the Class is so numerous that the

10  individual joinder of all members would be impracticable.

11      b.    Common Questions Predominate:  Common questions of law and fact

12  exist as to all members of the Class, and those questions clearly predominate over any questions

13  that might affect members individually.  These common questions of law and fact include, for

14  example, whether Defendants violated Section 17533.7 of the California Business & Professions

15  Code by misrepresenting the national origin of its wet/dry vacuum products because the

16  component parts of these products are manufactured outside the United States and whether

17  Defendant's actions in this regard constitute an unfair, unlawful, or fraudulent business practice

18  pursuant to Section 17200 et seq. of the California Business & Professions Code.

19      c.    Typicality:  On information and belief, Plaintiff's claims are typical of the

20  claims of the members of the Class.  Plaintiff and all members of the Class sustained damages

21  arising out of Defendant's common course of conduct complained herein.

22      d.    Adequacy:  Plaintiff will fairly and adequately protect the interest of the

23  members of the Class because Plaintiff has no interests which are adverse to the interests of

24  absent class members and because Plaintiff has retained counsel who possesses significant

25  litigation experience regarding alleged violations of consumer statutes.

26      e.    Superiority:  A class action is superior to other available means for the fair

27  and efficient adjudication of this controversy since individual joinder of all members would be

28

-6-
CLASS ACTION COMPLAINT

1  impracticable. Class action treatment will permit a large number of similarly situated persons to

2  prosecute their common claims in a single forum simultaneously, efficiently and without the

3  unnecessary duplication of effort and expense that numerous individual actions would engender.

4  Furthermore, since most class members' individual claims for damages are likely to be modest,

5  the expenses and burdens of litigating individual actions would make it difficult or impossible

6  for individual members of the Class to redress the wrongs done to them. An important public

7  interest will be served by addressing the matter as a class action, substantial economies to the

8  litigants and to the judicial system will be realized and the potential for inconsistent or

9  contradictory judgments will be avoided.

10      24.    The amount in controversy as to Plaintiff (individually) or any other individual

11  Class Member does not exceed $10.00 and the amount in controversy as to all Class Members,

12  inclusive of attorneys' fees and costs, and injunctive relief (to the extent it can be valued) does

13  not exceed $4,999,000. Under no scenario, is the total amount of damages that Plaintiff seeks in

14  this action in excess of $4,999,000. Accordingly, no federal court has "original jurisdiction"

15  over this claim pursuant to, *inter alia*, the Class Action Fairness Act of 2005 ("CAFA"), codified

16  in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b), which provides that federal courts have

17  "original jurisdiction" only where there is diversity of citizenship, the action is between citizens

18  of different states, and the amount in controversy exceed $5,000,000, exclusive of fees and

19  costs. 28 U.S.C. § 1332(d).

20          a.   Federal courts are courts of limited jurisdiction, which strictly construe their

21              own jurisdiction. *Lowdermilk v. U.S. Bank National Ass'n* (2007) 479 F.3d

22              994, 998. It is well established that the plaintiff is the "master of her

23              complaint" and can "plead to avoid federal jurisdiction" *Id.* at 998-99. Thus,

24              when the damages sought by plaintiff appear from the four corners of the

25              complaint to be less than the jurisdictional amount, as in this case, the

26              defendant seeking removal must not only contradict the plaintiff's own

27              assessment of damages, but must overcome the presumption against federal

28

jurisdiction by showing plaintiff is "legally certain" to recover at least five million dollars. *Id.* at 999. In fact, a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court subject only to a "good faith" requirement in pleading, which is inherent in every filing. *See St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 U.S. 283, 288-89.

25. Plaintiff and Class Members do <u>not</u> seek Defendant's overall profits or gross revenues from the sale of the wet/dry vacuums that are at issue in this litigation because it is not the proper measure of damages in this case.

## FIRST CAUSE OF ACTION

### (Violation of Consumers Legal Remedies Act As Against All Defendants)

26. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 25, inclusive, of this complaint as though fully set forth herein.

27. California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating The Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> [C]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

28. Defendant's products constituted "goods" as defined in Civil Code Section 1761(a).

29. Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code Section 1761(d).

30. Each of Plaintiff's purchases of Defendant's products constituted a "transaction"

1  as defined in Civil Code Section 1761(e).

2      31.    Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair

3  methods of competition and unfair or deceptive acts or practices undertaken by any person in a

4  transaction intended to result or which results in the sale or lease of goods or services to any

5  consumer are unlawful:  Using deceptive representations or designations of geographic origin in

6  connection with goods or services....Advertising good or services with intent not to sell them as

7  marketed."

8      32.    Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and

9  representing that its products are "MADE IN THE USA" when they actually contain component

10  parts that are manufactured outside of the United States.

11      33.    It is alleged on information and belief that Defendant's violations of the

12  Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the

13  conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged

14  on information and belief that Defendant did these acts knowing the harm that would result to

15  Plaintiff and that Defendant did these acts notwithstanding that knowledge.

16      34.    At this time, Plaintiff is not seeking damages under Civil Code § 1780.  Thus,

17  pursuant to Civil Code § 1780(d),[1] Plaintiff is not required *per se* to give a 30-day notice prior to

18  filing this Complaint.  Plaintiff reserves his right to provide such notice and to amend this

19  Complaint at a later time to assert a claim for monetary damages Civil Code § 1780.

20      35.    As a direct and proximate result of Defendant's violations of the Consumers

21  Legal Remedies Act, Plaintiff and Class members are entitled to:  (a) a declaration that

22  Defendants violated the Consumers Legal Remedies Act, and (b) an injunction preventing

23  Defendant's unlawful actions.  Plaintiff and Class Members suffered an "actual injury" because

24

---

[1] Section 1780(d) states:  "An action for injunctive relief brought under the specific provisions

25  of Section 1770 may be commenced without compliance with subdivision (a).  Not less than 30

days after the commencement of an action for injunctive relief, and after compliance with

26  subdivision (a), the consumer may amend his or her complaint without leave of court to include a

request for damages.  The appropriate provisions of subdivision (b) or (c) shall be applicable if

27  the complaint for injunctive relief is amended to request damages."

28

1   Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false

2   "MADE IN THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.

3                               **SECOND CAUSE OF ACTION**

4   **(Violation of Business & Prof. Code Section 17200 *Et Seq.* As Against All Defendants)**

5          36.    Plaintiff realleges and incorporates herein by reference all of the allegations

6   contained in Paragaphs1 through 35, inclusive, of this complaint as though fully set forth herein.

7          37.    Business & Professions Code section 17200 *et seq.* provides that unfair

8   competition means and includes "any unlawful, unfair or fraudulent business act or practice and

9   unfair, deceptive, untrue or misleading marketing."

10         38.    By and through their conduct, including the conduct detailed above, Defendant

11  engaged in activities which constitute unlawful, unfair, and fraudulent business practices

12  prohibited by Business & Professions Code Section 17200 *et seq.* Beginning at an exact date

13  unknown as yet and continuing up through the present Defendant committed acts of unfair

14  competition, including those described above, by engaging in a pattern of "unlawful" business

15  practices, within the meaning of Business & Professions Code Section 17200 *et seq.*, by

16  manufacturing, distributing, marketing products with a false country of origin designation which

17  violates Section 17533.7 [by falsely claiming that the products referenced herein are "MADE IN

18  THE USA" when they are in actuality made with component parts manufactured outside of the

19  United States].

20              a.  In addition, beginning at an exact date unknown as yet and continuing up

21                  through the present Defendant committed additional acts of unfair

22                  competition, including those described above, by engaging in a pattern of

23                  "unlawful" business practices, within the meaning of Business & Professions

24                  Code Section 17200 et seq., by misrepresenting the SHOP-VAC wet/dry

25                  vacuum country of origin as "MADE IN THE USA," so third-party

26                  distributors that sell Defendant's wet/dry vacuums to the federal government

27                  could unwittingly sell "foreign made" products in violation of the provisions

28

-10-

CLASS ACTION COMPLAINT

1    of the Buy American Act. See 41 USC §§ 10a-10d.

2        39.    Beginning at an exact date unknown as yet and continuing up through the present,

3    Defendant committed acts of unfair competition that are prohibited by Business and Professions

4    Code section 17200 *et seq.* Defendant engaged in a pattern of "unfair" business practices that

5    violate the wording and intent of the statutes, by engaging in practices that threatens an incipient

6    violation of law, or violates the policy or spirit of laws because its effects are comparable to or

7    the same as a violation of the law by manufacturing, distributing, and marketing products with a

8    false country of origin designation and violating Section 17533.7 by falsely claiming that the

9    products referenced herein are "MADE IN THE U.S.A." when they actually contain component

10   parts manufactured outside of the United States.

11           a.   Alternatively, Defendant engaged in a pattern of "unfair" business practices

12              that violate the wording and intent of the statutes, by engaging in practices

13              that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of

14              which conduct is far outweighed by the harm done to consumers and public

15              policy by manufacturing, distributing, marketing, and advertising products

16              with the false claim that the products referenced herein are "MADE IN THE

17              USA."

18           b.   Alternatively, Defendant engaged in a pattern of "unfair" business practices

19              that violate the wording and intent of the statutes, by engaging in practices

20              wherein: (1) the injury to the consumer was substantial; (2) the injury was not

21              outweighed by any countervailing benefits to consumers or competition; and

22              (3) the injury was of the kind that the consumers themselves could not

23              reasonably have avoid by manufacturing, distributing, marketing, and

24              advertising products with the false claim that the products referenced herein

25              are "MADE IN THE U.S.A."

26       40.    Beginning at an exact date unknown as yet and continuing up through the present,

27   Defendant committed acts of unfair competition, including those described above, prohibited by

28

-11-

CLASS ACTION COMPLAINT

1  Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent"

2  business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by

3  manufacturing, distributing, marketing products with a false country of origin designation and

4  violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN

5  USA."

6      41.    Defendant engaged in these unlawful, unfair and fraudulent business practices for

7  the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others

8  similarly situated; thereby unjustly enriching Defendants.

9      42.    As a result of the repeated violations described herein, Defendant received and

10  continues to receive unearned commercial benefits at the expense of their competitors and the

11  public.

12      43.    Defendant's unlawful, unfair and fraudulent business practices presents a

13  continuing threat to the public in that Defendant continues to engage in illegal conduct.

14      44.    Such acts and omissions are unlawful and/or unfair and/or fraudulent and

15  constitute a violation of Business & Professions Code section 17200 *et seq.* Plaintiff reserves the

16  right to identify additional violations by Defendant as may be established through discovery.

17      45.    As a direct and legal result of their unlawful, unfair and fraudulent conduct

18  described herein, Defendant has been and will be unjustly enriched by the receipt of ill-gotten

19  gains from customers, including Plaintiff, who unwittingly provided their money to Defendant

20  based on Defendant's fraudulent country of origin designation. The proper measure of the ill-

21  gotten gains is set forth in the analysis contained in the seminal case of *Colgan v. Leatherman*

22  *Tool Group, Inc.* (2006) Cal.App.4th 663 and is <u>not</u> determined by simply claiming that

23  Defendant's overall "revenues" and/or "gross profits" exceeds $5 million dollars as it pertains to

24  the wet/dry vacuums that are at issue in this litigation.

25      46.    Plaintiff and Class Members suffered an "actual injury" because Plaintiff and

26  Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN

27  THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.

28

CLASS ACTION COMPLAINT

47.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees under Code of Civil Procedure section 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

### THIRD CAUSE OF ACTION

**(Violation of Business & Professions Code § 17533.7 As Against All Defendants)**

48.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 47, inclusive, as if set forth in full herein.

49.    Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or *any article, unit, or part thereof,* has been entirely or substantially made, manufactured, or produced outside of the United States. (emphasis added).

50.    Defendant violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "MADE IN THE USA" label as fully set forth herein.  The merchandise at issue in this case actually contains <u>component parts</u> that are manufactured outside of the United States.

51.    It is alleged on information and belief that Defendant's violations of Business & Professions Code Section 17533.7 was done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendant did these acts knowing the harm that would result to Plaintiff and that Defendant did these acts notwithstanding that knowledge.

52.    As a direct and proximate result of Defendant's violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendant by Plaintiff and Class members relating to the false "MADE IN THE USA" claims on Defendant's wet/dry vacuums.  The proper measure of damages in this regard is set forth in the analysis contained in *Leatherman* and is not determined by simply

1  claiming that Defendant's overall "revenues" and/or "gross profits" exceeds $5 million dollars as

2  it pertains to the wet/dry vacuums that are at issue in this litigation.

3        53.    Plaintiff and Class Members suffered an "actual injury" because Plaintiff and

4  Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN

5  THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.

6        54.    In prosecuting this action for the enforcement of important rights affecting the

7  public interest, plaintiff seeks to recover attorneys' fees under Section 1021.5 of the Code of

8  Civil Procedure, which is available to a prevailing plaintiff who wins relief for the general

9  public.

10        WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

11  **PRAYER**

12        1.    Damages according to proof as to the third cause of action (See *Colgan v.*

13  *Leatherman Tool Group, Inc.*, Cal.App.4th 663,696 (2nd Dist. 2006));

14        2.    For a judgment declaring this action to be a proper class action;

15        3.    Declaring that Defendant violated the provisions of California Business &

16  Professions Code §§ 17200 et seq.;

17        4.    Pursuant to California Business & Professions Code Section 17204, Civil Code

18  Section 1780, and pursuant to the equitable powers of this Court, enjoining Defendant, their

19  subsidiaries, affiliates, and their successors, agents, servants, officer, directors, employees, and

20  all persons, acting in concert with them, directly or indirectly, from engaging in conduct

21  violative of California law as fully detailed herein;

22        5.    Pursuant to Business & Professions Code Section 17204, requiring Defendant to

23  provide restitution to compensate, and to restore all persons in interest, including all Class

24  Members, with all ill-gotten monies acquired by means of Defendant's unfair competition, which

25  is measured by the analysis contained in the seminal case of *Colgan v. Leatherman Tool Group,*

26  *Inc.* (2006) Cal.App.4th 663;

27        6.    A declaration that Defendant violated Business & Professions Code § 17533.7;

28

-14-

CLASS ACTION COMPLAINT

1        7.    Plaintiff's reasonable attorneys' fees as it relates to all three causes of action

2    (pursuant to Civil Code § 1780 as it relates to the first cause of action and pursuant to Code of

3    Civil Procedure § 1021.5 as it relates to the second and third causes of action);

4        8.    For costs of suit incurred herein; and

5        9.    For such other and further relief as this Court finds just, equitable and proper,

6    including, but not limited to, the remedy of disgorgement.

7    Dated: February 19, 2007            Respectfully submitted,

8                             DEL MAR LAW GROUP, LLP

9

10                    by

11                      JOHN H. DONBOLI
                        JL SEAN SLATTERY

12                      Attorneys for Plaintiff RICHARD A. SILBER, an
                        individual and on behalf of all others similarly

13                      situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JOHN H. DONBOLI (SBN: 205218)<br>JL SEAN SLATTERY (SBN: 210965)<br>DEL MAR LAW GROUP, LLP<br>322 Eighth Street, Suite 105, Del Mar, CA 92014<br>TELEPHONE NO.: 858-793-6244    FAX NO.: 858-793-6005<br>ATTORNEY FOR *(Name)*:  Plaintiff RICHARD A. SILBER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
**SILBER v. SHOP-VAC CORPORATION**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2008-00078687-CU-BT-CTL |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* Three

5. This case [✓] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  February 19, 2008
John H. Donboli, Esq.
_____(TYPE OR PRINT NAME)_____          ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00078687-CU-BT-CTL    CASE TITLE: Silber vs. Shop-Vac Corportation

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): Richard A. Silber

DEFENDANT(S): Shop-Vac Corportation

SHORT TITLE: SILBER VS. SHOP-VAC CORPORTATION

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00078687-CU-BT-CTL |
|---|---|

Judge: Luis R. Vargas            Department: C-63

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative. dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program      ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation      ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial      ☐ Private Reference to General Referee

☐ Private Summary Jury Trial      ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral      ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____      Date: _____

_____      _____
Name of Plaintiff                       Name of Defendant

_____      _____
Signature                          Signature

_____      _____
Name of Plaintiff's Attorney              Name of Defendant's Attorney

_____      _____
Signature                          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 02/25/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

3

1  JOHN H. DONBOLI (SBN: 205218)
   JL SEAN SLATTERY (SBN: 210965)
2  DEL MAR LAW GROUP, LLP
   322 8th Street, Suite 101
3  Del Mar, CA 92014
   Telephone: (858) 793-6244
4  Facsimile: (858) 793-6005

5  Attorneys for Plaintiff: RICHARD A. SILBER, an individual and on behalf
   of all others similarly situated

6

7

8              SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

9

10 RICHARD A. SILBER, an individual and on    )  CASE NO. 37-2008-00078687-CU-BT-CTL
   behalf of all others similarly situated,   )
11                                            )  **CLASS ACTION**
                            Plaintiff,        )
12                                            )
                       vs.                    )  **AFFIDAVIT OF VENUE**
13                                            )
   SHOP-VAC CORPORATION, a Pennsylvania)
14 Corporation, and DOES 1 through 100,       )
   inclusive,                                 )
15                                            )
                            Defendants.       )
16                                            )
                                              )
17                                            )

18       I, RICHARD A. SILBER, declare as follows:

19       1.     I am an individual residing in San Diego County. I am the proposed class

20 representative in the above-captioned litigation matter. I have personal knowledge of all matters

21 set forth herein and could competently testify thereto if called to do so at the time of any hearing

22 or trial in this case, except as to those matters averred on information and belief, which I believe

23 to be true. This affidavit is provided in support of what I understand to be statutory requirements

24 under California law (i.e., California Civil Code § 1780(c)).

25       2.     The transactions that form the basis of this action or a substantial portion thereof

26 occurred in San Diego County, California.

27       3.     The Class Action Complaint, which I reviewed and authorized to be filed,

28

                                         -1-

1  contains a cause of action for violation of the Consumers Legal Remedies Act as against

2  defendant SHOP-VAC CORPORATION, and DOES 1 through 100.

3      4.    As per the foregoing assertions, this cause of action has been commenced in the

4  proper county or judicial district for trial, which is San Diego County, California.

5      I declare under penalty of perjury under the laws of California, that the foregoing is true

6  and correct and that this declaration was executed on February 19, 2008, at San Diego,

7  California.

8

9  RICHARD A. SILBER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

AFFIDAVIT OF VENUE

# Page Stricken

# Page Stricken

# Page Stricken

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 149496   – SR
* * C O P Y * *
April 08. 2008
15:31:49

Civ Fil Non-Pris
USAO #.: 08CV0637
Judge..: JANIS L. SAMMARTINO
Amount.:
Check#.: BC#256493          $350.00 CK


Total-> $350.00


FROM: SILBER V. SHOP-VAC
CIVIL FILING
BC#8854 $30
BC#256493 $320

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

08 CV 637 JLS (RBB)

## I. (a) PLAINTIFFS
Richard A. Silber, an individual and on behalf of all others similarly situated,

### DEFENDANTS
Shop-Vac Corp. A Pennsylvania Corp. and Does 1 through 100, inclusive

08 APR -8 PM 3: 16

(b) County of Residence of First Listed Plaintiff  San Diego County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Lycoming County, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John H. Donboli and JL Sean Slattery, Del Mar Law Group, LLP, 322 8th St., Ste. 101, Del Mar CA 92014; (858)793-6244

Attorneys (If Known)  (415) 433-1500
Kevin J. Senn and Susan D. Condon, Armstrong Teasdale LLP, Three Embarcadero Center, Ste. 2310, San Francisco, CA 94111;

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1446; 28 U.S.C. 1332
Brief description of cause:
Complaint for violations of California Consumers Legal Remedies Act & CA Business & Professions Code

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 4,999,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 4/8/08
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 14949 AMOUNT 350.-
4/8/08 APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

JS 44 Reverse (Rev 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
                                                                                  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.