1 KEVIN J. SENN (SBN 136226)
SUSAN D. CONDON (SBN 143417)
2 ARMSTRONG TEASDALE LLP
Three Embarcadero Center, Suite 2310
3 San Francisco, CA 94111-4039
Telephone: (415) 433-1500
4 Facsimile: (415) 433-1508
Email: ksenn@armstrongteasdale.com
5 Email: scondon@armstrongteasdale.com

6 Attorneys for Defendant SHOP-VAC CORPORATION

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. SILBER, an individual and o behalf of all others similarly situated, | CASE NO. 3:08CV000637-JLS (RBB) |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| SHOP-VAC CORPORATION, a Pennsylvania Corporation, and DOES 1 through 100, inclusive, | DATE: July 18, 2008 |
| Defendants. | TIME: 10:30 AM |
| | COURTROOM: 6 |
| | Hon. Janis L. Sammartino |

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND......................................................1

III. LEGAL STANDARD......................................................................................................2

IV. ARGUMENT...................................................................................................................3

    A. Claims Based on California's Unfair Competition Laws
       Must Allege Facts Sufficient to Confer Standing ................................................3

       1. Proposition 64 ................................................................................3

       2. Standing Requirements ..................................................................4

    B. Plaintiff Has Not Presented Sufficient Facts to Confer
       Standing On Him ..................................................................................................5

       1. Plaintiff's Allegations......................................................................5

       2. Plaintiff Fails to Adequately Plead "Injury in Fact" ..............................6

       3. Plaintiff Fails to Plead Causation....................................................6

    C. Plaintiff Has Failed to Adequately Allege The Required
       Facts for Class Representation.............................................................................7

V. CONCLUSION.................................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Chavez v. Blue Sky Natural Beverage Co.*,
    503 F. Supp. 2d 1370 ...................................................................................................2, 4

*Diaz v. Trust Territory of the Pacific Islands*,
    876 F.2d 1401 ....................................................................................................................8

*Everest & Jennings, Inc. v. America Motorists Insurance Co.*,
    23 F.3d 226 ........................................................................................................................2

*Laster v. T-Mobile USA, Inc.*,
    405 F. Supp. 2d 1181 ........................................................................................................5

*Peloza v. Capistrano Unified Sch. District*,
    37 F.3d 517 ........................................................................................................................2

*Schreiber Distributing Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 ....................................................................................................................2

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 ....................................................................................................................2

## STATE CASES

*Animal Legal Defense Fund v. Mendes*,
    160 Cal.App.4th 136 ......................................................................................................4, 5

*Branick v. Downey Savings & Loan Associate*,
    39 Cal. 4th 235 ..................................................................................................................4

*Californians for Disability Rights v. Mervyn's, LLC*,
    39 Cal.4th 223 ....................................................................................................................4

*Colgan v. Leatherman*,
    135 Cal.App.4th 663 .........................................................................................................4

*Collins v. Safeway Stores, Inc.*,
    187 Cal.App. 3d 62 ...........................................................................................................7

*Committee On Children's Television, Inc. v. General Foods Corp.*,
    35 Cal.3d 197 ....................................................................................................................3

*Feitelberg v. Credit Suisse First Boston LLC*,
 134 Cal.App. 4th 997 ...........................................................................................................7

*Hall v. Time, Inc.*,
 158 Cal.App.4th 847 ...............................................................................................4, 5, 8, 9

*Newell v. State Farm General Insurance Co.*,
 118 Cal. App. 4th 1094, 13 Cal.Rptr.3d 343 .....................................................................7

*O'Brien v. Camisasca Automotive Manuf., Inc.*,
 161 Cal.App.4th 388, 73 Cal. Rptr. 3d 911 ....................................................................4, 5

*Payne v. United California Bank*,
 23 Cal. App. 3d 850 ............................................................................................................8

**DOCKETED CASES**

*Eichorn v. Palm, Inc.*,
 No. H030341, 2008 WL 102222......................................................................................7, 8

**FEDERAL STATUTES**

Class Action Fairness Act of 2005 ("CAFA"),
 Pub.L.No.109-2, 119 Stat. 4 .............................................................................................1

Fed. R. Civ. P. 12(b) .................................................................................................................1, 2

Fed. R. Civ. P. 23.........................................................................................................................8

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17203 .................................................................................................7

Cal. Bus. & Prof. Code § 17204 ..............................................................................................5, 7

Cal. Bus. & Prof. Code §§ 17535 ...............................................................................................4

Cal. Bus. & Prof. Code § 1760 ...................................................................................................3

Cal. Civ. Code. § 1780.............................................................................................................3, 4

Code Civ. Proc. § 382 ..................................................................................................................7

## I.

## INTRODUCTION

Plaintiff seeks relief from Defendant SHOP-VAC CORPORATION (hereinafter "Shop-Vac"), alleging three causes of action based on California's: (1) Consumer Legal Remedies Act (Cal. Civil Code § 1750, *et seq*. ("CLRA"); (2) Unfair Competition Law (Cal. Business & Professions Code § 17200, *et seq*.) ("UCL"); and (3) violation of Business & Professions Code § 17533.7 of the False Advertising Law ("FAL"). All three of these statutory schemes, by their express terms and as interpreted by case law, require that a plaintiff present sufficient facts to confer standing. Plaintiff, who must establish that he suffered an actual injury in fact and that he lost money or property as a result of such unfair competition, failed to allege sufficient facts to meet his burden. Accordingly, all three causes of action are subject to dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Similarly, when a private plaintiff files a class action under California's unfair competition laws, he must meet the applicable standing requirements. Plaintiff must establish the existence of an ascertainable class and a well-defined community of interest among the class members and, as the class representative, must act in the best interests of the class members. The allegations set forth in Plaintiff's Complaint demonstrate that Plaintiff cannot meet these requirements and that his interests and those of the class are not sufficiently united so as to permit Plaintiff to be a proper class representative. Therefore, Plaintiff's class allegations should be dismissed pursuant to Rule 12(b)(6).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2008, Plaintiff Richard A. Silber filed a putative class action Complaint in the Superior Court of San Diego, California, naming Shop-Vac as a Defendant. On April 8, 2008, Shop-Vac timely filed a Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L.No.109-2, 119 Stat. 4 (28 U.S.C. § 1332 *et seq*.).

Plaintiff erroneously alleges the wet/dry vacuum manufactured by Shop-Vac includes packaging which states that the vacuum was "MADE IN THE USA" when it was substantially made or manufactured outside the United States. (Complaint at 3:13-23.) The class allegations claim that

Shop-Vac schemed to defraud the market and induce the general public to purchase Shop-Vac's product at premium prices (Complaint at 4:12-14) although Plaintiff never alleges that <u>he</u> paid a premium price for a Shop-Vac wet/dry vacuum. Plaintiff also fails to allege that the vacuum did not perform as expected, or that the sole or even primary reason for his purchase was the purportedly false "MADE IN THE USA" labeling. Nevertheless, Plaintiff brings this action based on California's unfair competition laws.

Shop-Vac, with numerous US factories located in Pennsylvania and New York that employ hundreds of American workers, vigorously denies the allegations in the Complaint.[1] Shop-Vac now seeks dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the grounds that Plaintiff lacks standing to pursue his claims.

### III.

### LEGAL STANDARD

A motion to dismiss may be granted if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating the motion to dismiss, the trial court accepts the facts as stated by the nonmoving party and draws all inferences in its favor. *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). Courts must also assume that all general allegations embrace the specific facts that are necessary to support them. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). At the pleading stage, the plaintiff must show that the facts alleged, if proven, would confer standing on him. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 1993). A complaint may be dismissed for failure to state a claim and leave to amend may be denied where the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.* 806 F.2d 1393, 1401 (9th Cir. 1986); *Chavez v. Blue Sky Natural Beverage Co.*, 503 F. Supp. 2d 1370, 1372 (N.D.Cal. 2007).

/ / /

/ / /

---

[1] Shop-Vac also maintains a plant in China which labels its goods "Made in China."

# IV.

# ARGUMENT

### A. Claims Based On California's Unfair Competition Laws Must Allege Facts Sufficient To Confer Standing.

The UCL and its companion provisions in the FAL are "intended to protect California businesses and consumers from unlawful, unfair, and fraudulent business practices." Proposition 64, § 1(a). The purposes of the CLRA are to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." California Civil Code § 1760. While the CLRA has included a conventional standing requirement since its inception in the 1970s,[2] the standing rules in the UCL and FAL were narrowed in November 2004 with the passage of Proposition 64.

### 1. Proposition 64

Prior to the passage of Proposition 64, the UCL and false advertising laws permitted "any person," whether injured or not, to maintain a claim. *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 228 (2006). Under the prior law, "for injunctive relief, it [was] necessary only to show that 'members of the public are likely to be deceived'" by defendant's wrongful conduct. *Committee On Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 211 (1983). Proposition 64, approved by the electorate, contained strong language regarding the misuse of these laws. In Proposition 64:

> [T]he voters found and declared that the UCL's broad grant of standing had encouraged "[f]rivolous unfair competition lawsuits [that] clog our courts[,] cost taxpayers" and "threaten[ ] the survival of small businesses…." (Prop.64, § 1, subd. (c) ["Findings and Declarations of Purpose"].) The former law, the voters determined, had been "misused by some private attorneys who" "[f]ile frivolous lawsuits as a means of generating attorney's fees without creating a corresponding public benefit," "[f]ile lawsuits where no client has been injured in fact," "[f]ile lawsuits for clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant," and "[f]ile lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision."

---

[2] Civil Code § 1780(a) provides: "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person . . ."

3

(Prop.64, § 1, subd. (b)(1)-(4).) "[T]he intent of California voters in enacting" Proposition 64 was to limit such abuses by "prohibit[ing] private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact" (*id*., § 1, subd. (3)) and by providing "that only the California Attorney General and local public officials be authorized to file and prosecute actions on behalf of the general public" (*id*., § 1, subd. (f))."

*Hall v. Time, Inc*., 158 Cal.App.4th 847, 853-854 (2008) (citing *Californians for Disability Rights v. Mervyn's, LLC, supra*, 39 Cal.4th at 227.)

Therefore, under the revised law, only the Attorney General and certain public officials are permitted to sue on behalf of the public at large. Others are permitted to sue only if they have "**suffered injury in fact and [have] lost money or property as a result of unfair competition**." Cal. Bus. & Prof. Code § 17204 (emphasis added); *Animal Legal Defense Fund v. Mendes*, 160 Cal.App.4th 136, 147 (2008). Uninjured persons may not sue, nor may any private person sue on behalf of the general public. *Branick v. Downey Savings & Loan Assoc*., 39 Cal. 4th 235, 240 (2006).

In recent years, cases decided pos-Proposition 64 have held that to have the requisite standing under the UCL and FAL, a plaintiff must have spent money, lost money or property, or been denied money to which he was entitled, *due* to unfair business practices or false advertising. *O'Brien v. Camisasca Automotive Manuf., Inc*., 161 Cal.App.4th 388, 73 Cal. Rptr. 3d 911 (2008). *Colgan v. Leatherman*, 135 Cal.App.4th 663 (2006), which Plaintiff relies on its Complaint, was filed in 2001, consolidated with other actions in 2002, and certified as a class in 2003. *Id*. at 673-674. Thus, any determination related to the adequacy of the Complaint in *Colgan* pre-dated the standing requirements set forth in Proposition 64.

### 2. Standing Requirements

Plaintiff must allege sufficient facts in his Complaint to establish standing. For the first cause of action, for violation of the CLRA, Plaintiff must allege that he "suffered damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful" by the CLRA. Cal. Civ. Code. § 1780(a). For the second and third causes of action, for violation of the Section 17535 and for violation of the UCL, Plaintiff must plead that he has "suffered injury in fact and has lost money or property as a result" of the unfair competition/violation. Cal. Bus. & Prof. Code §§ 17535 and § 17204 (respectively); *Chavez, supra*, 503 F. Supp. 2d at 1373.

4

Simply put, to have standing under the CLRA, UCL, and FAL, a plaintiff must satisfy a two-prong test and show that (1) he has suffered actual injury in fact; and (2) such injury occurred as a result of the defendant's alleged unfair competition or false advertising. *Laster v. T-Mobile USA, Inc.*, 405 F. Supp. 2d 1181, 1194 (S.D.Cal. 2005); *O'Brien v. Camisasca Automotive Manuf., Inc., supra*, 73 Cal.Rptr.3rd at 920. Moreover, the resulting injury must be economic. A plaintiff must have "lost money or property as a result of such unfair competition." *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008).

The phrase "'as a result of' in the UCL imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property." *Id*. When the plaintiff alleges that he has expended money in exchange for a product but does not allege that he received a product in exchange that was less valuable or unsatisfactory, the plaintiff has not suffered an injury in fact. *Id*. at 854-55. The language of the UCL "discloses a clear requirement that injury must be economic, at least in part, for a plaintiff to have standing." *Animal Legal Defense Fund v. Mendes, supra*, 160 Cal.App.4th at 147. There is no economic injury when the consumers have the benefit of their bargain, e.g., they receive a product that was not of inferior quality. (*Id*.)

**B.  Plaintiff Has Not Presented Sufficient Facts To Confer Standing On Him.**

**1.  Plaintiff's Allegations.**

Plaintiff alleges at ¶ 17 of the Complaint that he "purchased at least two Shop-Vac wet/dry vacuums in San Diego, California. (Complaint at 4:25-26.) Despite the ambiguity as to how many he actually purchased, he goes on to allege that in each case the box was marked "MADE IN THE USA." (Complaint at 4:26-27.) He then makes the conclusory statement: "In each case, the Shop-Vac wet/dry vacuum unlawfully contained component parts made outside the United States" and thus, Shop-Vac was not entitled to make such representation. (Complaint at 4:27-5:2.) No statement is made as to how he reached the conclusion that any parts were made outside the United States.

At ¶ 18, Plaintiff goes on to allege on information and belief that in each case he and the class members purchased the Shop-Vac wet/dry vacuum "they relied upon Defendant's "MADE IN THE USA" representation in their purchasing decision, which is typical of most California consumers."

(Complaint at 5:3-5.)  Plaintiff claims that he believed at the time he purchased the vacuums that "he was in fact supporting U.S. jobs and the U.S. economy." (Complaint at 5:9-10.)

Finally, at ¶ 19, Plaintiff claims that he suffered "an 'actual injury' each time he purchased Defendant's Shop-Vac wet/dry vacuum because Plaintiff's money was taken by Defendant as a result of Defendant's false 'MADE IN THE USA' claims set forth on the Shop-Vac wet/dry vacuums.  As such, Plaintiff and Class Members were injured as a result of Defendant's false 'MADE IN THE USA' representations that are at issue in this litigation." (Complaint at 5:11-15.)  Plaintiff makes a similar representation at ¶ 35 of the Complaint where he alleges "Plaintiff and Class Members suffered an 'actual injury' because Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false 'MADE IN THE USA' claims set forth on the Shop-Vac wet/dry vacuums."

### 2. Plaintiff Fails to Adequately Plead "Injury in Fact."

But Plaintiff nowhere alleges that he suffered an injury in fact as a result of the "MADE IN THE USA" representation.  His purported "actual injury" was that his money was taken by Defendant.  (Complaint at 5:11-13; 9:23-10:2)  Plaintiff does not allege that he received an inferior product, that he paid a premium price,[3] or that the product was deficient.  As the court determined in *Hall*, if a plaintiff expended money in exchange for a product but does not allege that he received a product that was less valuable or unsatisfactory, he has not suffered an injury in fact.  *Hall, supra* at 854-855.  Therefore, there is nothing in Plaintiff's allegations to support that he sustained any injury in fact.

### 3. Plaintiff Fails to Plead Causation.

Even if a Plaintiff is able to demonstrate an injury in fact, he must also satisfy the second prong of the standing test and show that he suffered the injury "as a result of" the unfair competition or false advertising.  *Id*.  The phrase "as a result of" means "caused by" and requires a showing of a causal connection or reliance on the actual misrepresentation.  *Id*.  Thus, had Plaintiff sustained an

---

[3] Interestingly, Plaintiff alleges that unidentified members of the general public were induced to purchase Defendant's products at premium prices without any explanation of the circumstances (Complaint 4:11-14), but he never alleges that he himself purchased the product at a premium price.

injury in fact, it would have had to be the result of the alleged false or misleading representation. *O'Brien*, 73 Cal. Rptr. 3d at 922.  No such fact is alleged.

### C. Plaintiff Has Failed To Adequately Allege The Required Facts For Class Representation.

A private plaintiff may file a class action under the UCL and seek "representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure.  Cal. Bus. & Prof. Code § 17203.  Thus, the "definition of a class cannot be so broad as to include individuals who are without standing to maintain the action on their own behalf.  Each class member must have standing to bring the suit in his own right."[4]  *Eichorn v. Palm, Inc*., No. H030341, 2008 WL 102222 at *7 (Cal. App. 6 Dist. 2008) (citing *Collins v. Safeway Stores, Inc*. 187 Cal.App. 3d 62, 73 (1986) and *Feitelberg v. Credit Suisse First Boston LLC*, 134 Cal.App. 4th 997, 1018) (2005).

Class actions are authorized pursuant to Section 382 of the California Code of Civil Procedure "when the question is one of common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court[.]"  Code Civ. Proc. § 382.  The plaintiff bears the burden of establishing the existence of an ascertainable class and a well-defined community of interest among the class members.  *Newell v. State Farm Gen. Ins. Co*., 118 Cal. App. 4th 1094, 1100-01, 13 Cal.Rptr.3d 343, 347-48 (2004).

The community of interest requirement embodies three factors:  (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.  *Id*.  Each member must not be required to individually raise and litigate numerous and substantial questions to determine the member's right to recovery following any class judgment.  *Id*.  In addition, the issues to be jointly

---

[4] Notably, the California Supreme Court is currently considering whether each member of a proposed class must have suffered "injury in fact" in order to bring a class action under the UCL and whether each member of a proposed class must have relied on a manufacturer's representation in order to bring a class action based on the manufacturer's alleged misrepresentation of a product.  *See In re Tobacco II Cases,* review granted Nov. 1, 2006, S147345, *Pfizer, Inc. v. Superior Court*, review granted Nov. 1, 2006, S145775; *McAdams v. Monier, Inc.,* review granted Sept. 19, 2007, S154088.

7

tried must be sufficiently numerous and substantial to make the class action advantageous to the judicial process and to the litigants. *Id*. If each class member's ability to recover "clearly depends on a separate set of facts applicable only to him, then all of the policy considerations which justify class actions equally compel the dismissal of such inappropriate actions at the pleading stage." *Id*.

As is evident from the foregoing, there are substantial individual questions that will require separate consideration of each class members' alleged claim, not the least of which are causation, reliance, and damages. There are no procedural devices, such as sub classes or modified claims procedures that can overcome the burden on this Court to conduct hundreds, if not thousands of mini-hearings. Although class certification issues will be addressed at a later date if necessary, these problems cannot be ignored and justify dismissal at the pleading stage.

Moreover, Plaintiff is not an adequate class representative. As set forth above, Plaintiff has suffered no injuries and lacks standing; therefore, he is unable to represent the purported class proposed in the Complaint. *Hall, supra* at 859 (demurrer without leave to amend affirmed where representative plaintiff could not satisfy injury in fact or causation requirements for standing under the UCL); *Payne v. United California Bank*, 23 Cal. App. 3d 850, 859-60 (1972) (demurrer of amended complaint affirmed where plaintiff did not have requisite standing to sue as individuals or on behalf of the public because they were not members of the class which they purported to represent); *Eichorn*, 2008 WL 102222 at *10 (where plaintiffs were not deceived by and did not rely on the defendant's alleged omissions that formed the basis for actions under the CLRA and UCL, the plaintiffs were atypical and inadequate to represent the proposed class).

Further, Plaintiff has demonstrated lack of adequacy as a class representative by his attempt to stipulate on behalf of an uncertified class to limit the damages that the class is entitled to seek as a matter of law. A proposed class representative has a "fiduciary duty toward the absent class members." *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The Plaintiff here has effectively attempted to stipulate away all class damages above $5 million, without certifying a class, without being approved as the class representative, without the appointment of class counsel, and without complying with the settlement notice and court approval provisions of Fed. R. Civ. P. 23(e). Because the Plaintiff is not acting in the best interests of the class members,

Plaintiff is not an adequate class representative, and the Plaintiff's class action allegations should be stricken or dismissed.

## V.

## **CONCLUSION**

The CLRA, UCL and FAL require a plaintiff to allege sufficient facts to confer standing. Since Proposition 64, a plaintiff must have suffered injury in fact and lost money or property as a result of the unfair competition. Plaintiff fails to allege that he suffered an actual injury in purchasing the Shop-Vac wet/dry vacuums as a result of the "MADE IN THE USA" representation. He does not allege that received an inferior product, paid a premium price, or that the product was deficient. Further, he does not demonstrate that his "injury" was the result of the purported unfair competition or false advertising. As a result, Plaintiff fails to plead facts sufficient to confer standing and therefore, Plaintiff's action is subject to dismissal pursuant to Rule 12(b)(6).

Moreover, Plaintiff fails to establish the requisite community of interest between the representative and members of the class. He not only lacks standing himself to bring the action, he further demonstrated a willingness to breach his duty as a class representative to act in the interests of the absent class members. Therefore, Plaintiff's class action allegations are also subject to dismissal pursuant to Rule 12(b)(6). Given the foregoing, Shop-Vac respectfully requests that this Court grant its Motion to Dismiss.

Dated: April 29, 2008                                         ARMSTRONG TEASDALE LLP

                                                              By: **/s/ Susan D. Condon**

                                                              Attorney for Defendant SHOP-VAC
                                                              CORPORATION
                                                              Email: scondon@armstrongteasdale.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically this **29th day of April, 2008** with the Clerk of the USDC Southern District of California (San Diego) to be served by operation of the Court's ECF electronic filing system upon the following:

**John H. Donboli**
JL Sean Slattery
DEL MAR LAW GROUP LLP
322 Eighth Street, Suite 101
Del Mar, CA  92014
Telephone (858) 793-6244
Facsimile (858) 793-6005
**Email:  jdonboli@delmarlawgroup.com**
*Attorneys for Plaintiff Richard A. Silber*

By: **/s/ Susan D. Condon**

Attorney for Defendant SHOP-VAC CORPORATION
Email:  scondon@armstrongteasdale.com