KEVIN J. SENN (SBN 136226)
SUSAN D. CONDON (SBN 143417)
ARMSTRONG TEASDALE LLP
Three Embarcadero Center, Suite 2310
San Francisco, CA 94111-4039
Telephone:  (415) 433-1500
Facsimile:  (415) 433-1508
Email:  ksenn@armstrongteasdale.com
Email:  scondon@armstrongteasdale.com

Attorneys for Defendant
SHOP-VAC CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. SILBER, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHOP-VAC CORPORATION, a Pennsylvania Corporation, and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO. 3:08CV00637-JLS (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE IMMATERIAL AND IMPERTINENT STATEMENTS FROM COMPLAINT (FRCP RULE 12(f))**<br><br>DATE:  July 18, 2008<br><br>TIME:   10:30 AM<br><br>COURTROOM:  6<br><br>Hon. Janis L. Sammartino |

## I.

## __INTRODUCTION__

Defendant SHOP-VAC CORPORATION ("Shop-Vac") moves this Court pursuant to Rule 12 (f), Fed. R. Civ. Proc. for an order striking certain immaterial and impertinent statements from Plaintiff's Complaint.  Specifically, Shop-Vac moves to strike the following:

/ / /

/ / /

• Item 1 of Plaintiff's prayer seeking damages (p. 14:12-13): "Damages according to proof as to the third cause of action. (See *Colgan v. Leatherman Tool Group, Inc.* (sic) Cal.App.4[th] 663, 696 (2nd Dist. 2006));"

• Reference to receipt and recovery of "ill-gotten gains" as described in ¶ 45 of the Complaint and Item 5 of Plaintiff's Prayer. Specifically, Shop-Vac moves to strike: "by the receipt of ill-gotten gains" (p.12: 18-19); "of the ill-gotten gains as set forth in the analysis contained in the seminal case of *Colgan v. Leatherman Tool Group, Inc.* (2006) (sic) Cal.App.4[th] 663 and" (p. 12:20-22); and "with all ill-gotten monies acquired by means of Defendant's unfair competition, which is measured by the analysis contained in the seminal case of *Colgan v. Leatherman Tool Group, Inc.* (2006) (sic) Cal.App.4[th] 663" (p.14: 23-26).

As explained in greater detail below, each of the aforementioned statements seek relief that is not recoverable as a matter of law. Therefore, Shop-Vac respectfully requests that this Court strike each of the aforementioned statements from Plaintiff's Complaint.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2008, Plaintiff Richard A. Silber filed a putative class action Complaint in the Superior Court of San Diego, California, naming Shop-Vac as a Defendant. On April 8, 2008, Shop-Vac timely filed a Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L.No.109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

Plaintiff erroneously alleges the wet/dry vacuum manufactured by Shop-Vac includes packaging which states that the vacuum was "MADE IN THE USA" when in actuality it was substantially made or manufactured outside the United States. (Complaint at 3:13-23.) It is claimed in the class allegations that Shop-Vac schemed to defraud the market and induce the general public to purchase Shop-Vac's product at premium prices (Complaint at 4:12-14) although Plaintiff never alleges that he paid a premium price for a Shop-Vac wet/dry vacuum. As set forth in the Motion to Dismiss submitted simultaneously with this Motion, Plaintiff fails to allege that the vacuum did not perform as expected, or that the sole or primary reason for his purchase was the purportedly false "MADE IN THE USA" labeling. Nevertheless, Plaintiff brings this action based

on California's unfair competition laws.

Shop-Vac, with numerous US factories located in Pennsylvania and New York that employ hundreds of American workers, vigorously denies the allegations in the Complaint.[1]  Shop-Vac now seeks to strike portions of the Complaint seeking damages that are not recoverable and thus, are immaterial and impertinent to the resolution of the action.

### III.

### LEGAL STANDARD

Before responding to the complaint, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter."  Rule 12(f), Fed. R. Civ. Proc.  The Ninth Circuit has provided the following guidance regarding motions to strike:

> [T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial….  "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  "Impertinent" matter consists of statements that do not pertain, and are not necessary to the issues in question.

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534-535 (1994).  The information that is the subject of this Motion is both immaterial and impertinent in that the statements made have no essential or pertinent relationship to the resolution of the issues.

Further, a motion to strike is an appropriate vehicle for deleting impertinent or immaterial allegations found in the prayer for relief.  A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law.  *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559, 560 (8th Cir.1974); *Arcilla v. Adidas Promotional Retail Operations, Inc.,* 448 F.Supp.2d 965, 968 (C.D.Cal.2007); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* 9:389 p. 9-115 (2008).  Here, Plaintiff seeks relief that is not recoverable pursuant to the statutes on which the causes of action are based.

/ / /

---

[1] Shop-Vac also maintains a plant in China which labels its goods "Made in China,"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.

## ARGUMENT

### A.  Plaintiff is not entitled to damages as a remedy to its first or third causes of action; therefore, the prayer for damages should be stricken.

The first item of Plaintiff's Prayer seeks:  "Damages according to proof as to the third cause of action. (See *Colgan v. Leatherman Tool Group, Inc.* (sic) Cal.App.4[th] 663, 696))."  While the third cause of action is for violation of Business & Professions Code § 17535 (the "FAL"), page 696 of the *Colgan* decision does not discuss the FAL.  Rather, it is a discussion of damages under the CLRA.

Assuming that Plaintiff meant to seek damages under the CLRA, Plaintiff is precluded because, as Plaintiff admits at ¶ 34 (9:16-19), Plaintiff has not provided the 30-day notice to Shop-Vac -- a condition precedent before such damages may be sought.[2]  Where a party seeks damages before it gives notice, dismissal of that claim with prejudice is appropriate even though Civil Code § 1782 (d) allows a plaintiff to give notice and amend later.  *Cattie v. Wal-Mart,* 504 F.Supp.2d 939 (S.D.Cal.2007); *Von Grabe v. Sprint PCS,* 312 F.Supp.2d 1285 (S.D.Cal.2003); *Laster v. T-Mobile USA, Inc.,* 407 F.Supp. 1181 (S.D.Cal.,2005); *Outboard Marine Corp. v. Superior Court,* 52 Cal.App.3d 30, 40-41 (1975).  The rationale for such strict compliance with the CLRA is that the only way to accomplish the purposes of the CLRA is by insisting on the literal application of the rule.  As this Court noted in *Cattie v. Wal-Mart:*

> Here, Plaintiff claimed damages without giving Defendants the statutorily required opportunity for settlement.  On the basis of conceded facts, it is clear Plaintiff cannot cure this deficiency by amendment.  The Court follows *Laster* and *Von Grabe* in concluding Plaintiff's claim for damages under the CLRA must be dismissed with prejudice.

*Cattie, supra* at 950.

If, instead of the CLRA, Plaintiff sought damages for violation of the FAL alleged in the third cause of action, Plaintiff would likewise be denied such relief.  Plaintiff's third cause of action

---

[2] Plaintiff subsequently mailed notice to Shop-Vac on April 22, 2008.

is for violation of the FAL as it relates to "MADE IN THE USA" claims.  Cal. Bus. & Prof. Code §

17533.7.  In terms of private civil remedies, only injunctive relief and restitution are available under

the FAL, damages are not allowed.  Cal. Bus. & Prof. §  17535.  Section 17535 provides in relevant

part:

> Any person, corporation…which violates or proposes to violate this chapter **may be enjoined** by any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person, corporation…of any practices which violate this chapter, or which may be necessary **to restore to any person in interest any money or property**, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful.

*Id.* (emphasis added).  Case law reinforces the statute that damages are not available under the FAL.

*Colgan v. Leatherman,* 135 Cal.App.4th 663, 695 (2006); *Korea Supply v. Lockheed Martin Corp.,*

29 Cal.4th 1134, 1144 (2003).  Therefore, Plaintiff is not entitled to damages for third cause of

action.

Given that damages are not allowed under either the CLRA or the FAL, Shop-Vac requests

that the first prayer for relief be stricken in its entirety with prejudice.

## B.  Plaintiff is not entitled to disgorgement of alleged "ill-gotten gains"; therefore, reference to such remedies in the Complaint should be stricken.

With regard to the second cause of action for violation of the UCL, at ¶ 45 (12:18-22),

Plaintiff alleges that Shop-Vac "has been and will be unjustly enriched by the receipt of all ill

gotten gains … the proper measure of the ill-gotten gains is set forth in the analysis contained in the

seminal case of *Colgan v. Leatherman Tool Group, Inc.* (2006) (sic) Cal.App.4th 663."  Again, at

the fifth prayer for relief under the UCL, Plaintiff seeks to recover "all ill-gotten monies acquired

by means of Defendant's unfair competition, which is measured by the analysis contained in the

seminal case of *Colgan v. Leatherman Tool Group, Inc.* (2006) (sic) Cal.App.4th 663" as restitution.

(Complaint at 14:23-26.)  In other words, Plaintiff seeks the disgorgement of all profits allegedly

obtained by means of an unfair business practice.  This is not permitted under the UCL.  *Korea*

*Supply, supra* at 1147-1148.  Rather, Plaintiff is only entitled those profits which are money taken

from Plaintiff or funds in which Plaintiff has an ownership interest.  *Id.*

Contrary to Plaintiff's assertion, nowhere in *Colgan* does the court discuss recovery of "ill-gotten gains."  Moreover, in *Colgan* the court overturned the restitution award of the trial court. *Colgan* notes the UCL and FAL allow restitution which "may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair or deceptive act.  *Id.* at 696 (quoting Cal. Bus. & Prof. Code § § 17203 and 17535). Relying on the decisions of the California Supreme Court, *Colgan* goes on to state that a monetary award of disgorgement of profits or receipts that are not restitutionary in nature is <u>not permitted</u> under the UCL or the FAL.  *Id.* at 696-697 (citing *Korea Supply, supra,* 29  Cal.4[th] at 1152 (emphasis added).

Therefore, if successful under his UCL cause of action, Plaintiff is at most entitled to money in which he once had an ownership interest or in which he has a vested interest.  *Id.* at 1149. Neither he nor the putative class members are entitled to more than restoration of money or property in which they previously had an interest.  *Id.* at 1148.  Therefore, Plaintiff's attempts to recover "all ill-gotten gains" from the alleged business practices is an overreaching attempt to receive disgorgement of profits and all allegations regarding such funds should be stricken.

## V.

## <u>CONCLUSION</u>

Plaintiff's prayer seeks remedies that are not recoverable as a matter of law.  Plaintiff has requested damages, even though his Complaint provides no legal basis for such relief.  Given that Plaintiff seeks damages pursuant to *Colgan, supra* at 696, which discusses damages under the CLRA and requires strict compliance with the CLRA or otherwise subjects the claim for damages to dismissal with prejudice, Shop-Vac requests that such claim for damages be stricken with prejudice.

Plaintiff has also requested "all ill-gotten gains" or profits received by Shop-Vac for its purported violation of the UCL.  Such an award would be beyond the restitution permitted by the UCL.  Therefore, Shop-Vac requests that reference to such language be stricken.

/ / /

/ / /

As previously provided, it is well within the authority provided this Court by Rule 12 (f) to strike the aforementioned statements found in Plaintiff's Complaint.  Therefore, Shop-Vac respectfully requests that the Court strike the Complaint as set forth herein.


Dated:  April 29, 2008                          ARMSTRONG TEASDALE LLP


                                                By:  **/s/ Susan D. Condon**

                                                Attorney for Defendant SHOP-VAC
                                                CORPORATION
                                                Email:  scondon@armstrongteasdale.com


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically this **29th day of April, 2008** with the Clerk of the USDC Southern District of California (San Diego) to be served by operation of the Court's ECF electronic filing system upon the following:


**John H. Donboli**
JL Sean Slattery
DEL MAR LAW GROUP LLP
322 Eighth Street, Suite 101
Del Mar, CA  92014
Telephone (858) 793-6244
Facsimile (858) 793-6005
**Email:  jdonboli@delmarlawgroup.com**
*Attorneys for Plaintiff Richard A. Silber*


                                                By:  **/s/ Susan D. Condon**

                                                Attorney for Defendant SHOP-VAC
                                                CORPORATION
                                                Email:  scondon@armstrongteasdale.com