JOHN H. DONBOLI (SBN: 205218)
E-mail: jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
E-mail: sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
322 8th Street, Suite 101
Del Mar, CA 92014
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

Attorneys for Plaintiff: RICHARD A. SILBER, an individual and on behalf
of all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. SILBER, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHOP-VAC CORPORATION, a Pennsylvania Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 3:08CV00637-JLS-RBB<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>(1)  VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CIVIL CODE SECTION 1750 ET SEQ.);<br><br>(2)  VIOLATION OF BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ.* (CALIFORNIA UNFAIR COMPETITION LAW); AND<br><br>(3)  VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17533.7 (FALSE "MADE IN THE USA" CLAIM)<br><br>DEMAND FOR JURY TRIAL<br><br>District Judge:    Janis L. Sammartino<br>Fl./Room:           3/6 |

1    COMES NOW, plaintiff RICHARD A. SILBER ("Plaintiff"), as an individual and on

2    behalf of all others similarly situated, by his undersigned attorneys, alleges as follows:

3    <u>NATURE OF THE CASE</u>

4    1.    This is a class action case brought on behalf of all purchasers of wet/dry vacuum

5    products manufactured, distributed, marketed, and/or sold by SHOP-VAC CORPORTATION

6    ("SHOP-VAC").  Through a fraudulent, unlawful, deceptive and unfair course of conduct,

7    SHOP-VAC, and DOES 1 through 100 (collectively "Defendant"), manufactured, marketed,

8    and/or sold a variety of wet/dry vacuum products to the California general public with the false

9    designation and representation that SHOP-VAC's products were "MADE IN THE USA."  The

10   "MADE IN THE USA" claim is printed on the products' packaging and typically includes

11   prominent pictures of the U.S.A flag.  The wet/dry vacuums are made, manufactured or produced

12   from component parts that are manufactured outside of the United States in violation of

13   California law.

14   <u>JURISDICTION AND VENUE</u>

15   2.    This Court has jurisdiction over this matter in that Defendants routinely transact

16   business in San Diego County.

17   3.    Venue in this Court is proper pursuant to Code of Civil Procedure Section 395

18   and 395.5, Business & Professions Code §§ 17203, 17204, and Civil Code § 1780(c) because

19   Defendant does business in San Diego County and Plaintiff's transactions took place within the

20   County.

21   <u>PARTIES</u>

22   4.    Plaintiff is an individual residing in San Diego, California.

23   5.    Defendant SHOP-VAC is a corporation that is organized and exists under the

24   laws of the State of Pennsylvania. SHOP-VAC's principal place of business is located at 2323

25   Reach Road, Williamsport, PA 17701.  SHOP-VAC may be served with process in this matter by

26   serving its principle place of business at 2323 Reach Road, Williamsport, PA 17701.

27   6.    SHOP-VAC is a leading manufacturer and distributor of wet/dry vacuums in the

28

-2-

1   United States.  SHOP-VAC maintains the following website:  www.shopvac.com.

2       7.      Plaintiff is ignorant of the true names and capacities of the defendants sued

3   herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious

4   names. Plaintiff is informed and believes that each of the fictitious named defendants are legally

5   responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs

6   complained herein by providing financial support, advice, resources or other assistance.  Plaintiff

7   will amend the complaint to allege their true names and capacities when ascertained.

8       8.      Plaintiff is informed and believes that all defendants were agents, servants and

9   employees of their co-defendants, and in doing the things hereinafter mentioned, were acting

10  within the scope of their authority as such agents, servants and employees with the permission

11  and consent of their co-defendants.

12          **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13      9.      Plaintiff incorporates herein each and every allegation contained in paragraphs 1

14  through 8, inclusive, as though fully set forth herein.

15      10.     Defendant manufactures and markets wet/dry vacuums that have printed on the

16  product packaging that the SHOP-VAC wet/dry vacuums are "MADE IN THE USA."

17      11.     Defendant also routinely places prominent images of the U.S.A. flag on the

18  packaging of the SHOP-VAC vacuums to purportedly signify that they are "MADE IN THE

19  USA."

20      12.     Contrary to Defendant's representations, the SHOP-VAC wet/dry vacuums are

21  made, manufactured or produced with component parts that are manufactured outside of the

22  United States.

23      13.     The component parts that constitute the SHOP-VAC wet/dry vacuum include, but

24  are not limited to the:  (a) Motor; (b) Motor Components; (c) Various Electrical Components; (d)

25  Tank Base; (e) Hood; (f) Plastic Hoses; (g) Vacuum Accessories; (h) Screws and Fasteners; (i)

26  Filter; and/or (j) Dust Bag; which, on information and belief are made outside of the United

27  States.

28

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB

14.    Defendant markets, and continues to market, and represent to the general public that the SHOP-VAC wet/dry vacuums are "MADE IN THE USA."  In addition, Defendant concealed the material facts at issue herein by failing to disclose to the general public the true facts regarding the country of origin designation of the SHOP-VAC vacuums.  The disclosure of this information was necessary in order to make Defendant's representation not misleading for want of disclosure of these omitted facts.  Defendant possesses superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

15.    Consumers and users of these products are particularly vulnerable to these deceptive and fraudulent practices.  Most consumers possess very limited knowledge of the likelihood that products, including the component parts therein, claimed to be made in the United States are in fact made in foreign countries.  This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.

16.    Most consumers believe that "MADE IN THE USA" products are higher quality than their foreign-manufactured counterparts.  Members of the general public were fraudulently induced to purchase Defendant's products at increased prices.  During the relevant time period, SHOP-VAC charged excess monies for its vacuum products, in comparison to its wet/dry vacuum competitors, based on the false "MADE IN THE USA" designation that was intended to deceive the California consumer.  California laws are designed to protect consumers from this type of false representation and predatory conduct.  Defendant's scheme to defraud consumers is ongoing and will victimize consumers each and every day until altered by judicial intervention.

17.    On information and belief, Defendant SHOP-VAC could potentially be employing hundreds of additional American employees to manufacture its wet/dry vacuums if it elected to produce all of the vacuum component parts, which SHOP-VAC currently procures from outside the United States, in its Pennsylvania manufacturing facility.

/ / /

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB

**THE PLAINTIFF TRANSACTIONS**

18.     On several occasions during the relevant statutory time period, Plaintiff purchased at least two SHOP-VAC wet/dry vacuums in San Diego, California.  In each case, the product itself was marked with "MADE IN THE USA."  In each case, the SHOP-VAC wet/dry vacuum unlawfully contained component parts made outside of the United States and SHOP-VAC was not entitled to lawfully make a "MADE IN THE USA" representation.

    a.   Plaintiff specifically relied upon the "MADE IN THE USA" representation on the SHOP-VAC vacuum he purchased.

    b.   Plaintiff paid the prevailing market price when he purchased the "MADE IN THE USA" labeled wet/dry vacuum, which was a deception conveyed upon the general public.  Plaintiff and Class Members were damaged in that they paid increased prices for the wet/dry vacuums at issue in a situation wherein the wet/dry vacuums should not have been labeled as "MADE IN THE USA."

    c.   The improper "MADE IN THE USA" designation on the wet/dry vacuums that Plaintiff relied upon led him to purchase the offending products.  Therefore, Plaintiff and Class Members were injured "as a result of" the false "MADE IN THE USA" representation on the wet/dry vacuum, which Plaintiff relief upon in making his purchasing decision.

19.     On information and belief, in each case when Plaintiff and Class Members purchased a SHOP-VAC wet/dry vacuum they relied upon Defendant's "MADE IN THE USA" representation in their purchasing decision that is typical of most California consumers.  Plaintiff and Class Members were deceived in this regard as a result of Defendant's actions.  Plaintiff's and Class Members' purchasing decisions were supported by the prominent U.S.A. representations made by Defendant, which is absent from Defendant's wet/dry vacuum competitors.  Plaintiff believed at the time he purchased the SHOP-VAC wet/dry vacuums that he was in fact supporting U.S. jobs and the U.S. economy.

20.     Plaintiff suffered an "actual injury" when he purchased Defendant's SHOP-VAC

1    wet/dry vacuum because Plaintiff's money was taken by Defendant as a result of Defendant's

2    false "MADE IN THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.  Plaintiff

3    suffered an "actual injury" in that he, along with all Class Members, paid increased prices for a

4    product that incorporated foreign-made component parts in the purportedly "MADE IN THE

5    USA" wet/dry vacuum.  For example, Plaintiff and Class Members' monetary injury can be

6    measured by the difference between the costs of U.S. made component parts versus the foreign-

7    made component parts used by SHOP-VAC.  As such, Plaintiff and Class Members were injured

8    as a result of Defendant's false "MADE IN THE USA" representations that are at issue in this

9    litigation.

10                                     **CLASS ALLEGATIONS**

11            21.    Plaintiff brings this action on behalf of himself as an individual and on behalf of

12    all other persons similarly situated in the State of California who purchased Defendant's SHOP-

13    VAC wet/dry vacuum.  Specifically, excluded from the class is any persons who have a

14    controlling interest in SHOP-VAC, any of SHOP-VAC's parent companies, subsidiaries, and

15    SHOP-VAC's officers, directors, managers, shareholders and members of their immediate

16    families; and their heirs, successors and assigns (the "Class") pursuant to Code of Civil

17    Procedure § 382 and Business & Professions Code § 17200 *et seq.*  The class also does not

18    include any persons who previously filed suit against SHOP-VAC for similar violations of

19    California law.

20            22.    The members of the Class are so numerous that joinder of all members is

21    impracticable.  The disposition of their claims in a class action will provide substantial benefits

22    to the parties and the Court.  On information and belief, the exact number and identities of the

23    members of the Class are readily ascertainable from the records in Defendant's possession.

24            23.    There is a well-defined community of interest in the questions of law and fact

25    involved in this case.

26            24.    All causes of action herein have been brought and may properly be maintained as

27    a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is

28

1    a well-defined community of interest in the litigation and the proposed class is easily

2    ascertainable:

3          a.    <u>Numerosity</u>:  On information and belief, the Class is so numerous that the

4    individual joinder of all members would be impracticable.

5          b.    <u>Common Questions Predominate</u>:  Common questions of law and fact

6    exist as to all members of the Class, and those questions clearly predominate over any questions

7    that might affect members individually.  These common questions of law and fact include, for

8    example, whether Defendants violated Section 17533.7 of the California Business & Professions

9    Code by misrepresenting the national origin of its wet/dry vacuum products because the

10   component parts of these products are manufactured outside the United States and whether

11   Defendant's actions in this regard constitute an unfair, unlawful, or fraudulent business practice

12   pursuant to Section 17200 et seq. of the California Business & Professions Code.  There is

13   substantial uniformity in the Class Members' reliance on an unqualified "MADE IN THE USA"

14   representation to support class treatment.  Plaintiff will provide evidence at the appropriate time

15   to establish such uniformity as it relates to SHOP-VAC's unqualified "MADE IN THE USA"

16   representations.

17         c.    <u>Typicality</u>:  On information and belief, Plaintiff's claims are typical of the

18   claims of the members of the Class.  Plaintiff and all members of the Class sustained damages

19   arising out of Defendant's common course of conduct complained herein.

20         d.    <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interest of the

21   members of the Class because Plaintiff has no interests which are adverse to the interests of

22   absent class members and because Plaintiff has retained counsel who possesses significant

23   litigation experience regarding alleged violations of consumer statutes.  Plaintiff suffered an

24   actual injury based on his reliance on the "MADE IN THE USA" representation on the SHOP-

25   VAC wet/dry vacuums in that his money (in the form of increased prices) was taken by SHOP-

26   VAC.  Such was also the case with Class Members.

27         e.    <u>Superiority</u>:  A class action is superior to other available means for the fair

28

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB

1    and efficient adjudication of this controversy since individual joinder of all members would be

2    impracticable.  Class action treatment will permit a large number of similarly situated persons to

3    prosecute their common claims in a single forum simultaneously, efficiently and without the

4    unnecessary duplication of effort and expense that numerous individual actions would engender.

5    Furthermore, since most class members' individual claims for damages are likely to be modest,

6    the expenses and burdens of litigating individual actions would make it difficult or impossible

7    for individual members of the Class to redress the wrongs done to them.  An important public

8    interest will be served by addressing the matter as a class action, substantial economies to the

9    litigants and to the judicial system will be realized and the potential for inconsistent or

10   contradictory judgments will be avoided.

11        25.    The amount in controversy as to Plaintiff (individually) or any other individual

12   Class Member does not exceed $10.00 and the amount in controversy as to all Class Members,

13   inclusive of attorneys' fees and costs, and injunctive relief (to the extent it can be valued) does

14   not exceed $4,999,000.  Under no scenario, is the total amount of damages that Plaintiff seeks in

15   this action in excess of $4,999,000.  Accordingly, no federal court has "original jurisdiction"

16   over this claim pursuant to, *inter alia*, the Class Action Fairness Act of 2005 ("CAFA"), codified

17   in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b), which provides that federal courts have

18   "original jurisdiction" only where there is diversity of citizenship, the action is between citizens

19   of different states, and the amount in controversy exceed $5,000,000, exclusive of fees and

20   costs.  28 U.S.C. § 1332(d).

21             a.    Federal courts are courts of limited jurisdiction, which strictly construe their

22                   own jurisdiction.  *Lowdermilk v. U.S. Bank National Ass'n* (2007) 479 F.3d

23                   994, 998**.** It is well established that the plaintiff is the "master of her

24                   complaint" and can "plead to avoid federal jurisdiction" *Id.* at 998-99.  Thus,

25                   when the damages sought by plaintiff appear from the four corners of the

26                   complaint to be less than the jurisdictional amount, as in this case, the

27                   defendant seeking removal must not only contradict the plaintiff's own

28

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB

1    assessment of damages, but must overcome the presumption against federal

2    jurisdiction by showing plaintiff is "legally certain" to recover at least five

3    million dollars. *Id.* at 999. In fact, a plaintiff may sue for less than the

4    amount she may be entitled to if she wishes to avoid federal jurisdiction and

5    remain in state court subject only to a "good faith" requirement in pleading,

6    which is inherent in every filing. *See St. Paul Mercury Indem. Co. v. Red Cab*

7    *Co.* (1938) 303 U.S. 283, 288-89.

8    ## FIRST CAUSE OF ACTION

9    (**Violation of Consumers Legal Remedies Act As Against All Defendants**)

10    26.    Plaintiff realleges and incorporates herein by reference all of the allegations

11    contained in Paragaphs1 through 25, inclusive, of this complaint as though fully set forth herein.

12    27.    California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal

13    Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the

14    sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating The

15    Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter*

16    *alia*, that its terms are to be:

17    [C]onstrued liberally and applied to promote its underlying

18    purposes, which are to protect consumers against unfair and

19    deceptive business practices and to provide efficient and

20    economical procedures to secure such protection.

21    28.    Defendant's products constituted "goods" as defined in Civil Code Section

22    1761(a).

23    29.    Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code

24    Section 1761(d).

25    30.    Each of Plaintiff's purchases of Defendant's products constituted a "transaction"

26    as defined in Civil Code Section 1761(e).

27    31.    Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair

28

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB

1   methods of competition and unfair or deceptive acts or practices undertaken by any person in a

2   transaction intended to result or which results in the sale or lease of goods or services to any

3   consumer are unlawful:  Using deceptive representations or designations of geographic origin in

4   connection with goods or services….Advertising good or services with intent not to sell them as

5   marketed."

6       32.    Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and

7   representing that its products are "MADE IN THE USA" when they actually contain component

8   parts that are manufactured outside of the United States.

9       33.    It is alleged on information and belief that Defendant's violations of the

10  Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the

11  conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged

12  on information and belief that Defendant did these acts knowing the harm that would result to

13  Plaintiff and that Defendant did these acts notwithstanding that knowledge.

14      34.    Plaintiff is seeking "actual damages" pursuant to Civil Code Section 1780.

15  Plaintiff served the requisite preliminary notice of violation pursuant to California Civil Code

16  Section 1782(a) on April 21, 2008 by sending a correspondence via Federal Express to

17  Defendant's Chief Financial Officer.[1]  Although the notice of violation was served after the

18  filing of the original Complaint, California Civil Code Section 1782(d) specifically allows for a

19  complaint to be amended so long as a Complaint for "damages" under the CLRA is not first

20  initiated.  This is exactly what Plaintiff did in this case.  The original Complaint did not seek

21  "actual damages" pursuant to the CLRA.  See Complaint. ¶ 34 ("At this time, Plaintiff is not

22  seeking damages under Civil Code § 1780").

23      35.    As a direct and proximate result of SHOP-VAC's violations of the Consumers

24  Legal Remedies Act, Plaintiff and Class members are entitled to:  (a) actual damages according

25

26  [1]    SHOP-VAC received the preliminary notice on April 22, 2008.  As such, the last day for
    SHOP-VAC to respond to the April 21, 2008 correspondence was May 22, 2008.  No response
27  was forthcoming from SHOP-VAC in this regard.

28

1    to proof at time of trial; (b) a declaration that Defendants violated the Consumers Legal

2    Remedies Act, (c) an injunction preventing Defendants' unlawful actions, (d) an award of

3    punitive damages; and (e) the recovery of attorneys' fees and costs.  See Civil Code §§

4    1780(a)(1), (d).  Plaintiff and Class Members suffered an "actual injury" because Plaintiff and

5    Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN

6    THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.

7                          **SECOND CAUSE OF ACTION**

8    (**Violation of Business & Prof. Code Section 17200** *Et Seq***. As Against All Defendants**)

9        36.    Plaintiff realleges and incorporates herein by reference all of the allegations

10   contained in Paragaphs1 through 35, inclusive, of this complaint as though fully set forth herein.

11       37.    Business & Professions Code section 17200 *et seq*. provides that unfair

12   competition means and includes "any unlawful, unfair or fraudulent business act or practice and

13   unfair, deceptive, untrue or misleading marketing."

14       38.    By and through their conduct, including the conduct detailed above, Defendant

15   engaged in activities which constitute unlawful, unfair, and fraudulent business practices

16   prohibited by Business & Professions Code Section 17200 *et seq*.  Beginning at an exact date

17   unknown as yet and continuing up through the present Defendant committed acts of unfair

18   competition, including those described above, by engaging in a pattern of "unlawful" business

19   practices, within the meaning of Business & Professions Code Section 17200 *et seq*., by

20   manufacturing, distributing, marketing products with a false country of origin designation which

21   violates Section 17533.7 [by falsely claiming that the products referenced herein are "MADE IN

22   THE USA" when they are in actuality made with component parts manufactured outside of the

23   United States].

24            a.   In addition, beginning at an exact date unknown as yet and continuing up

25                 through the present Defendant committed additional acts of unfair

26                 competition, including those described above, by engaging in a pattern of

27                 "unlawful" business practices, within the meaning of Business & Professions

28

-11-

1    Code Section 17200 et seq., by misrepresenting the SHOP-VAC wet/dry

2    vacuum country of origin as "MADE IN THE USA," so third-party

3    distributors that sell Defendant's wet/dry vacuums to the federal government

4    could unwittingly sell "foreign made" products in violation of the provisions

5    of the Buy American Act.  See 41 USC §§ 10a-10d.

6    39.    Beginning at an exact date unknown as yet and continuing up through the present,

7    Defendant committed acts of unfair competition that are prohibited by Business and Professions

8    Code section 17200 *et seq*.  Defendant engaged in a pattern of "unfair" business practices that

9    violate the wording and intent of the statutes, by engaging in practices that threatens an incipient

10   violation of law, or violates the policy or spirit of laws because its effects are comparable to or

11   the same as a violation of the law by manufacturing, distributing, and marketing products with a

12   false country of origin designation and violating Section 17533.7 by falsely claiming that the

13   products referenced herein are "MADE IN THE U.S.A.**"** when they actually contain component

14   parts manufactured outside of the United States.

15        a.    Alternatively, Defendant engaged in a pattern of "unfair" business practices

16              that violate the wording and intent of the statutes, by engaging in practices

17              that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of

18              which conduct is far outweighed by the harm done to consumers and public

19              policy by manufacturing, distributing, marketing, and advertising products

20              with the false claim that the products referenced herein are "MADE IN THE

21              USA."

22        b.    Alternatively, Defendant engaged in a pattern of "unfair" business practices

23              that violate the wording and intent of the statutes, by engaging in practices

24              wherein: (1) the injury to the consumer was substantial; (2) the injury was not

25              outweighed by any countervailing benefits to consumers or competition; and

26              (3) the injury was of the kind that the consumers themselves could not

27              reasonably have avoided because of the false claim that the products

28

-12-

1                   referenced herein.

2         40.     Beginning at an exact date unknown as yet and continuing up through the present,

3 Defendant committed acts of unfair competition, including those described above, prohibited by

4 Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent"

5 business practices within the meaning of Business & Professions Code section 17200 *et seq*., by

6 manufacturing, distributing, marketing products with a false country of origin designation and

7 violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN

8 USA."

9         41.     Defendant engaged in these unlawful, unfair and fraudulent business practices for

10 the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others

11 similarly situated; thereby unjustly enriching Defendants.

12         42.     As a result of the repeated violations described herein, Defendant received and

13 continues to receive unearned commercial benefits at the expense of their competitors and the

14 public.

15         43.     Defendant's unlawful, unfair and fraudulent business practices presents a

16 continuing threat to the public in that Defendant continues to engage in illegal conduct.

17         44.     Such acts and omissions are unlawful and/or unfair and/or fraudulent and

18 constitute a violation of Business & Professions Code section 17200 *et seq.*  Plaintiff reserves the

19 right to identify additional violations by Defendant as may be established through discovery.

20         45.     As a direct and legal result of their unlawful, unfair and fraudulent conduct

21 described herein, Defendant has been and will be unjustly enriched by the receipt of monies from

22 its customers, including Plaintiff, who unwittingly provided their money to Defendant based on

23 Defendant's fraudulent country of origin designation.

24         46.     Plaintiff and Class Members suffered an "actual injury" because Plaintiff and

25 Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN

26 THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.

27         47.     Plaintiff and Class members are entitled to restitution to compensate, and to

28

1    restore to any person in interest, including Class Members, any money or property, real or

2    personal, which may have been acquired by means of such unfair or deceptive act pursuant to

3    California Business & Professions Code Section 17203.

4        48.    In prosecuting this action for the enforcement of important rights affecting the

5    public interest and for the benefit of a large number of California consumers, Plaintiff seeks the

6    recovery of attorneys' fees pursuant to Code of Civil Procedure Section 1021.5.

7                                    **THIRD CAUSE OF ACTION**

8        **(Violation of Business & Professions Code § 17533.7 As Against All Defendants)**

9        49.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 48,

10    inclusive, as if set forth in full herein.

11        50.    Business & Professions Code Section 17533.7 provides:

12                It is unlawful for any person, firm, corporation or
13                association to sell or offer for sale in this State any
                 merchandise on which merchandise or on its container
14                there appears the words "Made in U.S.A." "Made in
                 America," "U.S.A.," or similar words when the
15                merchandise or ***any article, unit, or part thereof,*** has been
                 entirely or substantially made, manufactured, or produced
16                outside of the United States.  (emphasis added).

17        51.    Defendant violated Business & Professions Code Section 17533.7 by selling and

18    offering to sell merchandise in the State of California with the "MADE IN THE USA" label as

19    fully set forth herein.  The merchandise at issue in this case actually contains <u>component parts</u>

20    that are manufactured outside of the United States.

21        52.    It is alleged on information and belief that Defendant's violations of Business &

22    Professions Code Section 17533.7 was done with awareness of the fact that the conduct alleged

23    was wrongful and were motivated solely for increased profit.  It is also alleged on information

24    and belief that Defendant did these acts knowing the harm that would result to Plaintiff and that

25    Defendant did these acts notwithstanding that knowledge.

26        53.    As a direct and proximate result of Defendant's violations of Business &

27    Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of

28

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB

excess monies paid to Defendant by Plaintiff and Class members relating to the false "MADE IN THE USA" claims on Defendant's wet/dry vacuums.  See California Business & Professions Code Section 17535.

54.    Plaintiff and Class Members suffered an "actual injury" because Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false "MADE IN THE USA" claims set forth on the SHOP-VAC wet/dry vacuums.

55.    In prosecuting this action for the enforcement of important rights affecting the public interest and for the benefit of a large number of California consumers, Plaintiff seeks the recovery of attorneys' fees pursuant to Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

## **PRAYER**

1.    Damages according to proof as to the first cause of action for violation of California Consumers Legal Remedies Act, including:  (a) actual damages according to proof at time of trial; (b) a declaration that Defendants violated the Consumers Legal Remedies Act, (c) an injunction preventing Defendants' unlawful actions, (d) an award of punitive damages; and (e) the recovery of attorneys' fees.   See Civil Code §§ 1780(a)(1), (d);

2.    For a judgment declaring this action to be a proper class action;

3.    For a judgment declaring that Defendant violated the provisions of California Business & Professions Code Section 17200 *et seq.*;

4.    For a judgment declaring that Defendant violated California Business & Professions Code Section 17533.7;

5.    Pursuant to California Business & Professions Code Section 17204, Civil Code Section 1780, and pursuant to the equitable powers of this Court, enjoining Defendant, their subsidiaries, affiliates, and their successors, agents, servants, officer, directors, employees, and all persons, acting in concert with them, directly or indirectly, from engaging in conduct violative of California law as fully detailed herein;

6.    An Order requiring Defendant to provide restitution to compensate, and to restore

1   to any person in interest, including Class Members, any money or property, real or personal,

2   which may have been acquired by means of such unfair or deceptive act pursuant to California

3   Business & Professions Code Section 17203 and 17535.

4         7.     For a judgment directing Defendant to pay Plaintiff's and Class Members'

5   reasonable attorneys' fees as it relates to all three causes of action (pursuant to Civil Code § 1780

6   as it relates to the first cause of action and pursuant to Code of Civil Procedure § 1021.5 as it

7   relates to all causes of action);

8         8.     For costs of suit incurred herein; and

9         9.     For such other and further relief as this Court finds just, equitable and proper,

10  including, but not limited to, the remedy of disgorgement.

11  Dated: May 28, 2008                   Respectfully submitted,

12                                       DEL MAR LAW GROUP, LLP

13

14                            By: s/John H. Donboli_____

15                               JOHN H. DONBOLI
                               E-mail:  jdonboli@delmarlawgroup.com

16                             Attorney for Plaintiff RICHARD A. SILBER, an
                               individual and on behalf of all others similarly

17                             situated

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT
3:08CV00637-JLS-RBB