KEVIN J. SENN (SBN 136226)
SUSAN D. CONDON (SBN 143417)
ARMSTRONG TEASDALE LLP
Three Embarcadero Center, Ste. 2310
San Francisco, CA 94111-4039
Telephone:  (415) 433-1500
Facsimile:  (415) 433-1508

Attorneys for Defendant SHOP-VAC CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. SILBER, an individual and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SHOP-VAC CORPORATION, a Pennsylvania Corporation, and DOES 1 through 100, inclusive.<br><br>                    Defendants. | CASE NO.  3:08CV00637-JLS-(RBB)<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DATE:  Thursday, September 4, 2008<br><br>TIME:  1:30 PM<br><br>COURTROOM:  6<br><br>Hon.  Janis L. Sammartino |

## I.    <u>INTRODUCTION</u>

In his First Amended Complaint, Plaintiff seeks relief from Defendant SHOP-VAC CORPORATION (hereinafter "Shop-Vac"), alleging three causes of action based on California's: (1) Consumer Legal Remedies Act (Cal. Civil Code § 1750, *et seq.* ("CLRA"); (2) Unfair Competition Law (Cal. Business & Professions Code § 17200, *et seq.*) ("UCL"); and (3) violation of Business & Professions Code § 17533.7 of the False Advertising Law ("FAL"). All three of these statutory schemes, by their express terms and as interpreted by controlling case law, require that a plaintiff present sufficient facts to confer standing.

At a minimum, Plaintiff must allege he has suffered an injury in fact and that the injury occurred as a result of the alleged unfair competition or false advertising. Plaintiff fails to meet his burden. Plaintiff's purported injury is that he purchased Shop-Vac's product at **the prevailing market price.** Plaintiff never alleges that a premium price was paid for a Shop-Vac wet/dry vacuum. Plaintiff never claims that the vacuum failed to perform as expected or was otherwise deficient. In fact, the only "wrong" alleged by Plaintiff is that he paid for the vacuums. Yet, the expenditure of money in exchange for a product absent allegations that the product was less valuable or otherwise unsatisfactory is insufficient to establish injury in fact. Given the failure to adequately assert an injury in fact, Plaintiff's causes of action are subject to dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Similarly, when a private plaintiff files a class action under California's unfair competition laws, he must meet the applicable standing requirements. Plaintiff must establish the existence of an ascertainable class and a well-defined community of interest among the class members and, as the class representative, must act in the best interests of the class members. Plaintiff's allegations demonstrate that he cannot meet these requirements and that his interests and those of the class are not sufficiently united so as to permit Plaintiff to be a proper class representative. Thus, Plaintiff's class allegations should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2008, Plaintiff Richard A. Silber filed a putative class action Complaint in the Superior Court of San Diego, California, naming Shop-Vac as a Defendant.  On April 8, 2008, Shop-Vac timely filed a Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L.No.109-2, 119 Stat. 4 (28 U.S.C. § 1332 *et seq.*).  On April 29, 2008, Shop Vac filed a Motion to Strike pursuant to Fed. R. Civ. P. 12 (f) and a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6).  On May 28, 2008, Plaintiff filed its First Amended Complaint in an attempt to remedy the numerous deficiencies in his pleading.  In response, Shop-Vac withdrew its prior motions and brings this new Motion to Dismiss, specifically addressing the deficiencies in Plaintiff's First Amended Complaint.

Plaintiff's First Amended Complaint is premised on the erroneous allegation that the wet/dry vacuum manufactured by Shop-Vac includes packaging which states that the vacuum was "MADE IN THE USA" when it was produced with component parts manufactured outside of the United States.  No facts are alleged which support this claim.  Shop-Vac, with factories in Pennsylvania and New York employing hundreds of American workers, vigorously denies the allegations in the Complaint.[1]  Shop-Vac now seeks dismissal pursuant to Rule 12(b)(6) Fed.R.Civ.P., on the grounds that Plaintiff lacks standing to pursue his claims.

## III.    LEGAL STANDARD

A motion to dismiss may be granted if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating the motion to dismiss, the trial court accepts the facts as stated by the nonmoving party and draws all inferences in its favor.  *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.* (9th Cir. 1994) 23 F.3d 226, 228.  Courts must also assume that all general allegations embrace the specific facts that are necessary to support them.  *Peloza v. Capistrano Unified Sch. Dist.* (9th Cir. 1994) 37 F.3d 517, 521.  At the pleading stage, the plaintiff must show that the facts alleged, if proven, would confer standing on him.  *Warren v. Fox Family Worldwide,*

2

*Inc.* (9th Cir. 1993) 328 F.3d 1136, 1140.  A complaint may be dismissed for failure to state a claim and leave to amend may be denied where the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1401; *Chavez v. Blue Sky Natural Beverage Co.* (N.D.Cal. 2007) 503 F. Supp. 2d 1370, 1372.

## IV.    ARGUMENT

### A.  Claims Based On California's Unfair Competition Laws Must Allege Facts Sufficient To Confer Standing.

The UCL and its companion provisions in the FAL are "intended to protect California businesses and consumers from unlawful, unfair, and fraudulent business practices."  Proposition 64, § 1 (a).  The purposes of the CLRA are to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."  California Civil Code § 1760.  While the CLRA has included a conventional standing requirement since its inception in the 1970s,[2] the standing rules in the UCL and FAL were narrowed in November 2004 with the passage of Proposition 64.

### 1.  Proposition 64

Prior to the passage of Proposition 64, the UCL and false advertising laws permitted "any person," whether injured or not, to maintain a claim.  *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228.  Under the prior law, "for injunctive relief, it [was] necessary only to show that 'members of the public are likely to be deceived'" by defendant's wrongful conduct. *Committee On Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211. Proposition 64, approved by the electorate, contained strong language regarding the misuse of these laws.  In Proposition 64:

---

[1] Shop-Vac also maintains a plant in China which labels its goods "Made in China."

[2] Civil Code § 1780 (a) provides: "Any consumer who suffers any damage as a result of the  use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person…."

[T]he voters found and declared that the UCL's broad grant of standing had encouraged "[f]rivolous unfair competition lawsuits [that] clog our courts[,] cost taxpayers" and "threaten[ ] the survival of small businesses…." (Prop.64, § 1, subd. (c) ["Findings and Declarations of Purpose"].)  The former law, the voters determined, had been "misused by some private attorneys who" "[f]ile frivolous lawsuits as a means of generating attorney's fees without creating a corresponding public benefit," "[f]ile lawsuits where no client has been injured in fact," "[f]ile lawsuits for clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant," and "[f]ile lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision."  (Prop.64, § 1, subd. (b)(1)-(4).)  "[T]he intent of California voters in enacting" Proposition 64 was to limit such abuses by "prohibit[ing] private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact" (*id.*, § 1, subd. (3)) and by providing "that only the California Attorney General and local public officials are authorized to file and prosecute actions on behalf of the general public" (*id.*, § 1, subd. (f))."

*Hall v. Time, Inc.* (2008) 158 Cal.App.4th 847, 853-854 (citing *Californians for Disability Rights v. Mervyn's, LLC, supra,* 39 Cal.4th at 227.)

Therefore, under the revised law, only the Attorney General and certain public officials are permitted to sue on behalf of the public at large.  Others are permitted to sue only if they have "**suffered injury in fact and [have] lost money or property as a result of unfair competition.**" Cal. Bus. & Prof. Code § 17204 (emphasis added); *American Legal Defense Fund v. Mendes* (2008) 160 Cal.App.4th 136, 147.  Uninjured persons may not sue, nor may any private person sue on behalf of the general public.  *Branick v. Downey Savings & Loan Assoc.* (2006) 39 Cal. 4th 235, 240.

## 2.  Standing Requirements

Plaintiff must allege sufficient facts in his Complaint to establish standing.  For the first cause of action, for violation of the CLRA, Plaintiff must allege that he "suffered damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful" by the CLRA.  Cal. Civ. Code § 1780(a).  For the second and third causes of action, for violation of the Section 17535 and for violation of the UCL, Plaintiff must plead that he has "suffered injury in fact and has lost money or property as a result" of the unfair competition/violation.  Cal. Bus. & Prof. Code § § 17535 and §17204 (respectively); *Chavez, supra,* 503 F. Supp. 2d at 1373.  Simply put, to have standing, a plaintiff must satisfy a two-prong test and show that (1) he has suffered actual injury in fact; and (2) such injury occurred as a result of the defendant's alleged unfair competition or false

4

advertising.  *Laster v. T-Mobile USA, Inc.* (S.D.Cal. 2005)  405 F. Supp. 2d 1181, 1194; *O'Brien v. Camisasca Automotive Manuf., Inc., supra,* 73 Cal.Rptr.3rd at 920.

Moreover, the resulting injury must be economic.  A plaintiff must have "lost money or property as a result of such unfair competition." *Hall v. Time, Inc.* (2008) 158 Cal.App.4th 847, 849.  The phrase "'as a result of' in the UCL imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property." *Id.*  When the plaintiff alleges that he has expended money in exchange for a product but does not allege that he received a product in exchange that was less valuable or unsatisfactory, the plaintiff has not suffered an injury in fact. *Id.* at 854-55.  The language of the UCL "discloses a clear requirement that injury must be economic, at least in part, for a plaintiff to have standing." *Animal Legal Defense Fund v. Mendes, supra,* 160 Cal.App.4th at 147.  There is no economic injury when the consumers have the benefit of their bargain, e.g., they receive a product that was not of inferior quality.  (*Id.*)

**B.  Plaintiff Has Not Presented Sufficient Facts To Confer Standing On Him.**

**1.  Plaintiff's Allegations.**

Plaintiff alleges at ¶ 18 of the First Amended Complaint that "on several occasions" he "purchased at least two Shop-Vac wet/dry vacuums in San Diego, California." (FAC at 5:2-3.)  Despite the ambiguity as to how many he actually purchased or why he did this more than once, he goes on to allege that in each instance the product was marked "MADE IN THE USA."  (FAC at 5:3-4.)  He then makes the conclusory statement: "In each case, the Shop-Vac wet/dry vacuum unlawfully contained component parts made outside the United States" and thus, Shop-Vac was not entitled to make such representation."  (FAC at 5:4-6.)  No statement is made as to how he reached the conclusion that any component parts were made outside the United States.

As to his injury, Plaintiff claims that he:

> paid the prevailing market price when he purchased the "MADE IN THE USA" labeled wet/dry vacuum, which was a deception.  Plaintiff and the public paid increased prices for the wet/dry vacuums at issue in a situation wherein the wet/dry vacuums should not have been labeled as "MADE IN THE USA."  (FAC at 5:9-13.)

Plaintiff claims he and class members were "injured 'as a result of' the false 'MADE IN THE USA' representation on the wet/dry vacuum, which Plaintiff relief (sic) upon in making his purchasing decision." (FAC at 5:14-18.) Thus, the injury was that he paid the prevailing or the usual price and that he was injured because the normal price was somehow, theoretically too high.

Finally, at ¶ 19, Plaintiff claims that he suffered "an 'actual injury' each time he purchased Defendant's Shop-Vac wet/dry vacuum because Plaintiff's money was taken by Defendant as a result of Defendant's false 'MADE IN THE USA' claims set forth on the Shop-Vac wet/dry vacuums." (FAC at 5:27-6:2.) Plaintiff makes a similar representation at ¶ 35 where he alleges "Plaintiff and Class Members suffered an 'actual injury' because Plaintiff and Class Members' money was taken by Defendant as a result of Defendant's false 'MADE IN THE USA' claims set forth on the Shop-Vac wet/dry vacuums." (FAC at 11:4-6.)

### 2. Plaintiff Fails to Adequately Plead "Injury in Fact."

Plaintiff alleges that he was injured by paying the prevailing price for a wet/dry vacuum. Plaintiff does not allege that he received an inferior product, that he paid a premium price, or that the product was deficient. If a plaintiff expended money in exchange for a product but does not allege that he received a product that was less valuable or unsatisfactory, he has not suffered an injury in fact. *Hall, supra* 158 Cal.App.4[th] at 854-855. There is nothing in Plaintiff's allegations to support that he sustained any injury in fact. Obviously, if the product had been deficient such an allegation would have been made. If the product was deficient, he would not have purchased it on more than one occasion as he alleged at ¶ 18 on page 5.

Similarly, the purchase of a product to supply standing in litigation is not "injury in fact" or the "loss of money or property" within the meaning of Proposition 64. *Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App. 798, 815-816. Such would be the manufacture of an injury and would be inconsistent with the United States Supreme Court's decision in *Havens Realty Corp. v. Coleman* (1982) 455 U.S. 363 which held that a plaintiff is obliged "to show at a minimum 'an injury in fact,' that is, 'as a result of the defendant's actions [he has] suffered a 'distinct and palpable

injury.'''  *Buckland, supra,* 155 Cal.App. at 814 (citations omitted.).[3]  While Plaintiff makes no claim here as to why he purchased the product in question, he does admit that on several occasions he purchased at least two wet/dry vacuums – an unusual circumstance for an individual unless one is purchasing for litigation purposes.

Plaintiff admits that he paid the prevailing price – not a premium price.  He assumes that the average price is too much.  In fact, Plaintiff's purported injury appears to be based on a series of unreasonable assumptions.  Plaintiff assumes that prices for products are based solely on cost without taking into account market forces, e.g., availability, demand, similarity of products, the origination of other products.  Plaintiff also assumes that foreign parts incorporated into a product must mean that the product was made at a reduced cost that is passed on to the consumer.  Plaintiff confuses the idea of injury with his suspect theory of damages, i.e., that he is entitled to the difference between the costs of U.S. made and foreign-made component parts.  (FAC at 6:5-7.)

Plaintiff cannot amend remedy the defects in the First Amended Complaint.  Like *Chavez v. Blue Sky National Beverage Co., supra.,* the Plaintiff cannot allege injury in fact.  In *Chavez,* the plaintiffs alleged that they had been damaged by the price paid for a soda that they purchased because the packaging lead them to believe that the product originated in New Mexico and thus supported the people of New Mexico and provided an association with Santa Fe, New Mexico.  *Id.* at 1371-1372.  Defendants brought a motion to dismiss based on Rule 12(b)(6) alleging that plaintiffs had not sustained an injury in fact.  The court dismissed the matter with prejudice, holding that there were no facts that plaintiffs could present to cure their lack of standing because plaintiffs suffered neither injury nor damage because they bought cans of Defendants' beverages which referred to "Santa Fe, New Mexico.'"  *Id.* at 1374-1375.

Here, assuming the truth of Plaintiff's allegations, Plaintiff was likewise not injured by the representations on the packaging.  He admitted that he did not pay a premium for the product.  He has

---

[3] Proposition 64's intent is "to prohibit private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact under the standing requirements of the United States

had two opportunities to plead injury (in the original and the First Amended Complaints) and never alleged that the product was deficient.  He cannot establish an injury in fact and therefore, dismissal with prejudice is appropriate.

### C.  Plaintiff Has Failed To Adequately Allege The Required Facts For Class Representation.

A private plaintiff may file a class action under the UCL and seek "representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure.  Cal. Bus. & Prof. Code §17203.  Thus, the "definition of a class cannot be so broad as to include individuals who are without standing to maintain the action on their own behalf.  Each class member must have standing to bring the suit in his own right."[4]  *Eichorn v. Palm, Inc.* (Cal. App. 6 Dist. 2008) No. H030341, 2008 WL 102222 at *7  (citing *Collins v. Safeway Stores, Inc.* (1986) 187 Cal.App. 3d 62, 73 and *Feitelberg v. Credit Suisse First Boston LLC* (2005) 134 Cal.App. 4th 997, 1018).

Class actions are authorized pursuant to Cal. Code of Civil Proc. § 382 "when the question is one of common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court[.]"  The plaintiff bears the burden of establishing the existence of an ascertainable class and a well-defined community of interest among the class members.  *Newell v. State Farm Gen. Ins. Co.* (2004) 118 Cal. App. 4th 1094, 1100-01.

The community of interest requirement embodies three factors:  (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.  *Id.*  Each member must not be required to individually raise and litigate numerous and substantial questions to determine the member's right

---

Constitution.  (Prop. 64, § 1 (e).)"  *Buckland, supra,* 155 Cal.App.4th at 814.

[4] Notably, the California Supreme Court is currently considering whether each member of a proposed class must have suffered "injury in fact" in order to bring a class action under the UCL and whether each member of a proposed class must have relied on a manufacturer's representation in order to bring a class action based on the manufacturer's alleged misrepresentation of a product.  *See In re Tobacco II Cases,* review granted Nov. 1, 2006, S147345, *Pfizer, Inc. v. Superior Court,* review granted Nov. 1, 2006, S145775; *McAdams v. Monier, Inc.,* review granted Sept. 19, 2007, S154088.

to recovery following any class judgment. *Id.* In addition, the issues to be jointly tried must be sufficiently numerous and substantial to make the class action advantageous to the judicial process and to the litigants. *Id.* If each class member's ability to recover "clearly depends on a separate set of facts applicable only to him, then all of the policy considerations which justify class actions equally compel the dismissal of such inappropriate actions at the pleading stage." *Id.*

As is evident from the foregoing, there are substantial individual questions that will require separate consideration of each class members' alleged claim, not the least of which are causation, reliance, and damages. There are no procedural devices, such as sub classes or modified claims procedures that can overcome the burden on this Court to conduct hundreds, if not thousands of mini-hearings. Although class certification issues will be addressed at a later date if necessary, these problems cannot be ignored and justify dismissal at the pleading stage.

Moreover, Plaintiff is not an adequate class representative. As set forth above, Plaintiff has suffered no injuries and lacks standing; therefore, he is unable to represent the purported class proposed in the Complaint. *Hall, supra* at 859 (demurrer without leave to amend affirmed where representative plaintiff could not satisfy injury in fact or causation requirements for standing under the UCL); *Payne v. United California Bank* (1972) 23 Cal. App. 3d 850, 859-60 (demurrer of amended complaint affirmed where plaintiff did not have requisite standing to sue as individuals or on behalf of the public because they were not members of the class which they purported to represent); *Eichorn,* 2008 WL 102222 at *10 (where plaintiffs were not deceived by and did not rely on the defendant's alleged omissions that formed the basis for actions under the CLRA and UCL, the plaintiffs were atypical and inadequate to represent the proposed class).

Further, Plaintiff has demonstrated lack of adequacy as a class representative by his attempt to stipulate on behalf of an uncertified class to limit the damages that the class is entitled to seek as a matter of law. A proposed class representative has a "fiduciary duty toward the absent class members." *Diaz v. Trust Territory of the Pacific Islands* (9th Cir. 1989) 876 F.2d 1401, 1408. The Plaintiff here has effectively attempted to stipulate away all class damages above $5 million, without

certifying a class, without being approved as the class representative, without the appointment of class counsel, and without complying with the settlement notice and court approval provisions of Fed. R. Civ. P. 23(e).  (FAC at 8:11-14.)  Because the Plaintiff is not acting in the best interests of the class members, Plaintiff is not an adequate class representative, and the Plaintiff's class action allegations should be stricken or dismissed.

## V.    **CONCLUSION**

The CLRA, UCL and FAL require a plaintiff to allege sufficient facts to confer standing. Since Proposition 64, a plaintiff must have suffered injury in fact.  Plaintiff fails to allege that he suffered an actual injury in purchasing the Shop-Vac wet/dry vacuums as a result of the "MADE IN THE USA" representation.  He does not allege that received an inferior product, paid a premium price, or that the product was deficient.  As a result, Plaintiff fails to plead facts sufficient to confer standing and therefore, Plaintiff's action is subject to dismissal pursuant to Rule 12 (b)(6).

Moreover, Plaintiff fails to establish the requisite community of interest between the representative and members of the class.  He not only lacks standing himself to bring the action, he further demonstrated a willingness to breach his duty as a class representative to act in the interests of the absent class members.  Therefore, Plaintiff's class action allegations are also subject to dismissal pursuant to Rule 12 (b)(6).  Given the foregoing, Shop-Vac respectfully requests that this Court grant its Motion to Dismiss.

ARMSTRONG TEASDALE LLP

By:/s/ Kevin J. Senn  _____
    KEVIN J. SENN
    SUSAN D. CONDON
    ARMSTRONG TEASDALE LLP
    Three Embarcadero Center, Ste. 2310
    San Francisco, CA 94111-4039
    Telephone:  (415) 433-1500
    Facsimile:  (415) 433-1508
    ksenn@armstrongteasdale.com
    scondon@armstrongteasdale.com
    Attorneys for Defendant SHOP-VAC
    CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 10th day of April, 2008 upon the following:

John H. Donboli
JL Sean Slattery
Del Mar Law Group, LLP
322 8th Street, Ste. 101
Del Mar, CA 92014
(858) 793-6244
(858) 793-6005 (facsimile)

_____/s/ Kevin J. Senn_____