JOHN H. DONBOLI (SBN: 205218)
E-mail: jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
E-mail: sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
322 8th Street, Suite 101
Del Mar, CA 92014
Telephone: (858) 793-6244
Facsimile: (858) 793-6005

Attorneys for Plaintiff: RICHARD A. SILBER, an individual and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD A. SILBER, an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

SHOP-VAC CORPORATION, a Pennsylvania Corporation, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 3:08CV00637-JLS-RBB

**CLASS ACTION**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

ACCOMPANYING DOCUMENTS: Evidentiary Objections to Purported Evidence Set Forth in Defendant's Motion to Dismiss First Amended Complaint

Date: September 4, 2008
Time: 1:30 p.m.
District Judge: Janis L. Sammartino
Fl./Room: 3/6

**[ORAL ARGUMENT NOT REQUIRED]**
**[Civil Rule 7.1(d)(2)]**

Plaintiff RICHARD A. SILBER ("Plaintiff") respectfully submits this Opposition to Defendant's "Motion for Order Dismissing Plaintiff's [First Amended] Complaint" ("Motion to Dismiss").

**I. <u>INTRODUCTION</u>**

Defendant SHOP-VAC CORPORATION ("Defendant" or "Shop-Vac") seeks to dismiss the First Amended Complaint based on three principle arguments: (1) the First Amended Complaint is lacking in sufficient factual detail to confer "standing" upon Plaintiff to maintain this action; (2) the First Amended Complaint is lacking in sufficient factual detail to confer "standing" upon Plaintiff to maintain this action as a putative class representative; and (3) the First Amended Complaint lacks sufficient facts to demonstrate an ascertainable class and that Plaintiff is an adequate class representative.

All three arguments are based on an overly narrow interpretation of the term "standing" as promulgated by the passage of Proposition 64. Proposition 64 amended relevant sections of California's Unfair Competition Law and False Advertising Law to require a plaintiff to have suffered an "injury in fact" (or "actual injury") to maintain either of these two causes of action. Contrary to Shop-Vac's assertion in its Motion to Dismiss, Plaintiff did suffer an "actual injury" as a result of Defendant's false "MADE IN THE USA" representation set forth on its wet/dry vacuum product – an assertion that is repeated throughout the First Amended Complaint.

As fully set forth herein, the First Amended Complaint alleges that Plaintiff was induced by the false labeling on the Shop-Vac wet/dry vacuum to purchase the mislabeled product at a "premium" price above what a properly labeled wet/dry vacuum (presumably "Made in China") should have been sold for in the marketplace.

**II. <u>PROCEDURAL BACKGROUND</u>**

On or about February 25, 2008, Plaintiff filed a putative class action Complaint in the Superior Court of San Diego, California. See Complaint (Case No. 37-2008-00078687-CU-BT-CTL) attached to Defendant's "Notice of Removal" as Exhibit "A," on file herein.

The Complaint asserted three causes of action predicated on violations of California law:

(1) Violation of Consumers Legal Remedies Act (California Civil Section 1750 *et seq*.); (2) Violation of California's Unfair Competition Law (California Business & Professions Code Section 17200 *et seq*.); and (3) Violation of California's False "Made In USA" Designation Statute (California Business & Professions Code Section 17533.7). All causes of action arise from Shop-Vac's unlawful and false claims that its wet/dry vacuum products are "MADE IN THE USA."

On April 8, 2008, Shop-Vac filed the Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L.No.109-2, 119 Stat. 4 (28 U.S.C. § 1332 *et seq.*) and the case was assigned to the Hon. Janis L. Sammartino (Case No. 3:08CV00637-JLS-RBB).

On April 29, 2008, Shop-Vac filed a Motion to Strike and a Motion to Dismiss the Complaint.

On May 28, 2008, Plaintiff filed the First Amended Complaint, which effectively rendered the Motion to Strike and Motion to Dismiss moot. The First Amended Complaint alleges the same three causes of action set forth in the Complaint.

On July 8, 2008, Shop-Vac filed a renewed Motion to Dismiss to the First Amended Complaint.

## III. <u>LEGAL ANALYSIS</u>

### A. <u>Legal Standard</u>

All allegations of fact in the complaint are assumed to be true and must be considered in a light most favorable to the Plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "It is axiomatic that '[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir.1986); *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A motion to dismiss pursuant to Rule 12(b)(6) is proper in "extraordinary" cases. *United States v. Redwood City* 640 F.2d 963, 966 (9th Cir. 1981).

Material allegations in the Complaint, as well as all <u>reasonable inferences</u> to be drawn from them, must be accepted as true. *See Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696, 699.

Any ambiguities must be resolved in Plaintiff's favor. *See International Audiotext Network, Inc. v. AT&T Co.* (2nd Cir. 1995) 62 F3d 69, 72.

**B. <u>The First Amended Complaint Adequately Alleges that Plaintiff Suffered an "Actual Injury" and That He Has "Standing" to Maintain This Action</u>**

As a result of his purchase, Plaintiff suffered an "actual injury" and has the requisite standing to pursue his claims. *See, e.g., Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th (20060) 223, 228-29 [explaining that Proposition 64 amended California's Unfair Competition Law ("UCL") at Business & Professions Code Section 17204, which prescribes who may sue to enforce the UCL, by deleting the language that had formerly authorized suits by any person "acting for the interests of itself, its members or the general public," and by replacing it with the phrase, "who has suffered injury in fact and has lost money or property as a result of unfair competition." Proposition 64 also amended Business & Professions Code Section 17203, which authorizes courts to enjoin unfair competition, by adding the following words: "Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Business & Professions Code Section 17204 and complies with Section 382 of the Code of Civil Procedure…."].

The legal standard at issue herein is that material allegations in the First Amended Complaint, as well as all <u>reasonable inferences</u> to be drawn from them, must be accepted as true. *See Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F3d 696, 699. Any ambiguities must be resolved in Plaintiff's favor. *See International Audiotext Network, Inc. v. AT&T Co.* (2nd Cir. 1995) 62 F3d 69, 72. Based on these relevant standards, it is undeniable that Plaintiff suffered an "injury in fact" and has standing to maintain this action. Specifically, the First Amended Complaint provides at Paragraphs 18, 19, and 20 as follows:

> 18. On several occasions during the relevant statutory time period, Plaintiff purchased at least two SHOP-VAC wet/dry vacuums in San Diego, California. In each case, the product itself was marked with "MADE IN THE USA." In each case, the SHOP-VAC wet/dry vacuum unlawfully contained component parts made outside of the United States and SHOP-VAC was not entitled to lawfully make a "MADE

IN THE USA" representation.

(a) Plaintiff specifically relied upon the "MADE IN THE USA" representation on the SHOP-VAC vacuum he purchased.

(b) Plaintiff paid the prevailing market price when he purchased the "MADE IN THE USA" labeled wet/dry vacuum, which was a deception conveyed upon the general public. Plaintiff and Class Members were damaged in that they paid increased prices for the wet/dry vacuums at issue in a situation wherein the wet/dry vacuums should not have been labeled as "MADE IN THE USA."

(c) The improper "MADE IN THE USA" designation on the wet/dry vacuums that Plaintiff relied upon led him to purchase the offending products. Therefore, Plaintiff and Class Members were injured "as a result of" the false "MADE IN THE USA" representation on the wet/dry vacuum, which Plaintiff relief upon in making his purchasing decision.

19. On information and belief, in each case when Plaintiff and Class Members purchased a SHOP-VAC wet/dry vacuum they relied upon Defendant's "MADE IN THE USA" representation in their purchasing decision that is typical of most California consumers. Plaintiff and Class Members were deceived in this regard as a result of Defendant's actions. Plaintiff's and Class Members' purchasing decisions were supported by the prominent U.S.A. representations made by Defendant, which is absent from Defendant's wet/dry vacuum competitors. Plaintiff believed at the time he purchased the SHOP-VAC wet/dry vacuums that he was in fact supporting U.S. jobs and the U.S. economy.

20. Plaintiff suffered an "actual injury" when he purchased Defendant's SHOP-VAC wet/dry vacuum because Plaintiff's money was taken by Defendant as a result of Defendant's false "MADE IN THE USA" claims set forth on the SHOP-VAC wet/dry vacuums. Plaintiff suffered an "actual injury" in that he, along with all Class Members, paid increased prices for a product that incorporated foreign-made component parts in the purportedly "MADE IN THE USA" wet/dry vacuum. For example, Plaintiff and Class Members' monetary injury can be measured by the difference between the costs of U.S. made component parts versus the foreign-made component parts used by SHOP-VAC. As such, Plaintiff and Class Members were injured as a result of Defendant's false "MADE IN THE USA" representations that are at issue in this litigation.

First Amended Complaint, ¶¶ 18, 19, 20.

Shop-Vac contends that "[a]t a minimum, Plaintiff must allege he has suffered an injury in fact and that the injury occurred as a result of the alleged unfair competition or false advertising. Plaintiff fails to meet his burden." Motion to Dismiss, page 1 at lines 10-12. Read as a whole, the First Amended Complaint alleges <u>precisely</u> what Shop-Vac contends is lacking in

the First Amended Complaint (i.e., Plaintiff suffered an "injury in fact" when he relied upon Shop-Vac's deceptive advertising claims).

Plaintiff purchased an improperly labeled "MADE IN THE USA" product that incorporated cheaper component parts (in terms of cost and presumably safety and quality). In doing so, Plaintiff parted with his money and his money flowed to Shop-Vac via its regular retail and distribution channels (i.e., an economic damage). The specific measure of damages is within the realm of expert testimony, but common sense dictates that by manufacturing, distributing, and selling its wet/dry vacuums with a false "MADE IN THE USA" designation, rather than a truthful "Made in China" designation (or otherwise), Shop-Vac is able to reap the proverbial "ill-gotten gains" due to the significantly lower manufacturing costs associated with Chinese-made goods (as compared to similar U.S manufactured goods). The difference between these variable products (commonly referred to as the "delta") is the "injury in fact" suffered by Plaintiff and Class Members in this case. All of which is exhaustively pled in the First Amended Complaint.

Accordingly, the Motion to Dismiss should be denied in this regard because Plaintiff alleged the requisite "injury" to confer standing. Plaintiff also respectfully requests leave to file an amended complaint to the extent the Court finds Defendant's arguments persuasive.

**C. This Is Not A Products Liability Case As This Action Stems From Defendant's Violations of California's "Made in USA" Statute**

The impetus of this litigation stems from Defendant's violations of California Business & Professions Code Section 17533.7 declares that "[i]t is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words 'Made in U.S .A.,' 'Made in America,' 'U.S.A.,' or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States." *Id.* Plaintiff also alleges violations of the Civil Code Section 1770(a)(4), which states that the "following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any

consumer are unlawful:...(4) Using deceptive representations or designations of geographic origin in connection with goods or services." *Id.*

Defendant inexplicably argues that "Plaintiff never claims that the vacuum failed to perform as expected or was otherwise deficient." Motion to Dismiss, page 1 at line 14. This argument is utterly inapplicable in the context of this litigation. As such, there is no need to plead that the wet/dry vacuum at issue is defective in terms of performance as this action stems from Defendant's false country of origin designation.

**D. <u>Plaintiff Properly Alleged Class Allegations to Maintain This Action</u>**

Defendant mistakes the motion to dismiss process for the class certification process and sets forth arguments best reserved for an opposition to motion for class certification. Notwithstanding, Plaintiff properly alleges a class action case pursuant to the standards promulgated by Rule 23 of the Federal Rules of Civil Procedure. As it pertains to class issues, Defendant focuses its attack on two issues: (a) the First Amended Complaint allegedly lacks an ascertainable class and a well-defined community of interest among the class members, and (b) Plaintiff is allegedly an inadequate class representative. Both arguments fail as set forth below.

**1. <u>The First Amended Complaint Adequately Alleges a Community of Interest</u>**

Defendant erroneously claims that Plaintiff did not adequately plead facts to demonstrate an ascertainable class and the existence of a well-defined community of interest. This claim is essentially based on Defendant's self-serving argument that:

> [T]here are substantial individual questions that will require separate consideration of each class members' alleged claim, not the least of which are causation, reliance, and damages. There are no procedural devices, such as sub classes or modified claims procedures that can overcome the burden on this Court to conduct hundreds, if not thousands of mini-hearings.

Motion to Dismiss, page 9, lines 6-11.

Defendant's arguments are based on extrinsic evidence (i.e., "there are substantial

individual questions"). These arguments fail, however, because there are no facts before the Court at this time regarding each individual consumer's factual circumstances surrounding their purchase of Shop-Vac's wet/dry vacuums. Defendant's arguments are premature and best resolved during the class certification process. At that time, Plaintiff will present the Court with particularized survey information establishing the likelihood of deception and potential uniformity of individual consumer's purchasing decisions as it relates to an unqualified "MADE IN THE USA" representation. *See* e.g., *Clemens v. DaimlerChrysler Corp.* ___ F.3d ___, 2008 WL 2840662 (9th Cir. July 24, 2008) [recognizing that "[u]nlike a common law fraud claim, a UCL fraud claim requires no proof that the plaintiff was actually deceived. *Daugherty*, 144 Cal. App. 4th at 838. Instead, the plaintiff must produce evidence showing "a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care." *Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003). Surveys and expert testimony regarding consumer assumptions and expectations may be offered but are not required; anecdotal evidence may suffice, although "a few isolated examples" of actual deception are insufficient."]. *Id.* at *5.

The First Amended Complaint recognizes this necessity by alleging that: "Plaintiff will provide evidence at the appropriate time to establish such uniformity as it relates to SHOP-VAC's unqualified "MADE IN THE USA" representations." First Amended Complaint, ¶ 21(b). At the pleading stage, Plaintiff is simply required to plead sufficient facts to establish a class action. It is undeniable that Plaintiff alleged sufficient facts in the First Amended Complaint to support his class action claims.

### 2. Plaintiff is an Adequate Class Representative

Defendant contends that Plaintiff is an inadequate class representative for exercising his discretion to plead to avoid federal court jurisdiction because the First Amended Complaint pleads damages in amount less than $5 million. Defendant's argument is that by doing so Plaintiff breached his fiduciary duty to putative class members. Nothing could be further from the truth.

It is well established that the plaintiff is the "master of her complaint" and can "plead to

avoid federal jurisdiction." *Lowdermilk v. U.S. Bank National Ass'n* (2007) 479 F.3d 994, 998 [federal courts are courts of limited jurisdiction, which strictly construe their own jurisdiction]. In fact, a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court subject only to a "good faith" requirement in pleading, which is inherent in every filing. *See St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 U.S. 283, 288-89.

Although Plaintiff will avoid reciting a mini-treatise on this issue, it is well established that the benefits of remaining in state court are many; especially in light of the infrequency that federal courts typically grant class certification motions. A main component of this litigation seeks injunctive relief, which may be a remedy foreclosed from California consumers if a federal court, such as this Honorable Court, applies a stricter standard for class certification than found in California law. Accordingly, Plaintiff submits that the First Amended Complaint alleges facts sufficient to set forth valid class action claims and that Plaintiff is an adequate class representative. Therefore, the Motion to Dismiss should be denied and Defendant instructed to answer.

## IV. CONCLUSION

Based upon the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and direct Shop-Vac to answer the First Amended Complaint within 10 days of this Court's ruling. Alternatively, Plaintiff requests leave to file an amended complaint to address the technical pleading issues raised in the Motion to Dismiss to the extent the Court finds Shop-Vac's arguments persuasive.

Dated: August 21, 2008

Respectfully submitted,

DEL MAR LAW GROUP, LLP

By: s/John H. Donboli_______________
JOHN H. DONBOLI
E-mail: jdonboli@delmarlawgroup.com
Attorney for Plaintiff RICHARD A. SILBER, an individual and on behalf of all others similarly situated